1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDENTS AGAINST RACIAL DISCRIMINATION, | Case No. 8:25-cv-00192-JWH |
| Plaintiff, | **[PROPOSED] ORDER ON DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, ET AL., | Date:   July 11, 2025<br>Time:   9:00 a.m.<br>Place:  Courtroom 9D<br>Judge:  Hon. John W. Holcomb |
| Defendants. | |

1    THIS MATTER comes before this Court on Defendants' Motion to Dismiss
2 pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  Upon
3 considering the Complaint and the parties' briefing, the Court finds that dismissal of
4 the Complaint is warranted.

5    *First*, SARD lacks standing to bring claims on behalf of its members.  For an
6 associational plaintiff to establish standing, it must allege (among other things) that
7 its members would have standing to sue in their own right.  *See Hunt v. Wash. State*
8 *Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).  Additionally, an association's
9 purported members must possess "indicia of membership," which can be alleged,
10 for example, by pleading facts regarding the organization's hierarchy or funding
11 structure.  *Id.* at 344; *Advocs. for Am. Disabled Individuals LLC v. Price Co.,* 2016
12 WL 5939467, at *3 (D. Ariz. Oct. 13, 2016).  Because the Complaint does not
13 plausibly allege that SARD's purported members would have standing to sue on
14 their own behalf or that its purported members possess any "indicia of
15 membership," the Court finds that SARD has not adequately alleged standing.  As a
16 result, the Court does not have jurisdiction, and the Complaint must be dismissed.
17 *See* Fed. R. Civ. P. 12(b)(1).

18   *Second*, even if SARD adequately alleged that it has standing, the Complaint
19 is an impermissible "shotgun pleading" and therefore must be dismissed.  A
20 shotgun pleading contains "an unclear mass of allegations" asserted against
21 "multiple defendants without specifying which of the defendants are responsible for
22 which acts or omissions."  *Sollberger v. Wachovia Sec., LLC*, 2010 WL 2674456, at
23 *4 (C.D. Cal. June 30, 2010).  Here, the Complaint purports to bring claims against
24 the Chancellors of all ten University of California ("UC") campuses based on
25 admissions policies and outcomes related to undergraduate freshman, undergraduate
26 transfer, graduate, and law school students.  However, the Complaint includes

factual allegations specific to admissions policies and outcomes at only four of UC's nine undergraduate campuses (UCLA, UC Berkeley, UC Irvine, and UC Santa Barbara). Compl. ¶¶ 21-26. It makes no allegations about undergraduate admissions at UC San Diego, UC Santa Cruz, UC Davis, UC Merced, and UC Riverside. Similarly, as to law schools, the Complaint makes allegations about admissions policies and outcomes at three law schools (UCLA Law School, UC Berkeley Law School, and UC Davis Law School), Compl. ¶¶ 27-29, but omits allegations about UC Irvine Law School. Despite these pleading deficiencies, every cause of action is asserted against every Chancellor, Compl. ¶¶ 46, 53, 60, without distinction. Because the Complaint "assert[s] claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions," *A.B. v. Hilton Worldwide Holdings Inc.*, 484 F. Supp. 3d 921, 943 (D. Or. 2020), it is an impermissible "shotgun" pleading. As a result, the Complaint must be dismissed for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 8(a).

*Third*, and in the alternative, even if the Court had not dismissed the Complaint in its entirety for lack of standing under Rule 12(b)(1) or failure to state a claim under Rule 12(b)(6), the Court would dismiss the following Defendants, who are Chancellors affiliated with UC campuses about which the Complaint includes no factual allegations:

- Sam Hawgood, Chancellor, UC San Francisco
- Pradeep K. Khosla, Chancellor, UC San Diego
- Cynthia K. Larive, Chancellor, UC Santa Cruz
- Juan Sánchez Muñoz, Chancellor, UC Merced
- Kim A. Wilcox, Chancellor, UC Riverside

3

The Court would also dismiss the claims to the extent they are premised on transfer or graduate admissions. Absent any factual allegations concerning these campuses and programs, the Complaint fails to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" against those defendants or based on transfer and graduate programs. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).

*Fourth*, and also in the alternative, even if the Court had not dismissed the Complaint in its entirety for lack of standing under Rule 12(b)(1) or failure to state a claim under Rule 12(b)(6), the Court would dismiss the Title VI claim (Count 1) to the extent it is asserted against individual Regents of the UC system and against the Chancellors of UC campuses. Title VI prohibits discrimination by any "program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. For that reason, individual defendants, who are not recipients of federal financial assistance, "are not proper defendants for a Title VI claim," so the Title VI claim against them "must be dismissed." *Wentworth v. Cal. Connections Acad.*, 2022 WL 1427157, at *3 (S.D. Cal. May 5, 2022), *appeal dismissed*, 2023 WL 3866603 (9th Cir. Feb. 16, 2023) ("Title VI actions must be brought against an entity, not an individual.").

* * *

Because the Complaint fails to allege that SARD has standing and fails to state a claim, it is hereby ORDERED that the Defendants' Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) is GRANTED, and the Complaint is hereby DISMISSED with prejudice.

[SIGNATURE PAGE FOLLOWS]

Dated: _____

Hon John W. Holcomb

United States District Judge