1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDENTS AGAINST RACIAL DISCRIMINATION,<br><br>*Plaintiff,*<br><br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br><br>*Defendants.* | Case No. 8:25-cv-00192-JWH-JDE<br><br>**[PROPOSED] ORDER ON DEFENDANTS' MOTION TO DISMISS AND STRIKE THE AMENDED COMPLAINT**<br><br>Date:     October 17, 2025<br>Time:    9:00 a.m.<br>Place:   Courtroom 9D<br>Judge:  Hon. John W. Holcomb |

THIS MATTER comes before this Court on Defendants' Motion to Dismiss and Strike pursuant to Federal Rule of Civil Procedure 12. Upon considering the Amended Complaint and the parties' briefing, the Court finds that dismissal of the Amended Complaint is warranted.

*First*, the Amended Complaint is dismissed in its entirety because SARD lacks standing as it fails to plausibly allege that its purported members possess "indicia of membership" that make it a genuine membership organization. *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343-344 (1977). As a result, the Court does not have jurisdiction, and the Amended Complaint must be dismissed. *See* Fed. R. Civ. P. 12(b)(1).

*Second*, even if SARD had adequately alleged standing, the Amended Complaint must be dismissed as a "shotgun" pleading because it seeks sweeping relief against every University of California ("UC") campus and school without distinguishing between each school and while making minimal or no allegations about many UC schools. Accordingly, the Amended Complaint must be dismissed. *See* Fed. R. Civ. P. 8(a), 12(b)(6); *Gianni v. Cnty. of Sacramento*, 2023 WL 6279437, at *1 (E.D. Cal. Sept. 26, 2023).

*Third*, even if the Court had not dismissed the Amended Complaint in full, it would dismiss the Section 1981 and Section 1983 claims because SARD fails to plausibly allege that the Chancellors have a "fairly direct" connection to the enforcement of the challenged admissions practices, as is necessary to overcome sovereign immunity under the Eleventh Amendment. *Association des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013) (citation omitted). And in any event, SARD fails to plausibly allege that the Chancellors engaged in intentional racial discrimination. *See Heard v. Cnty. of San Bernardino*, 2021 WL 5083336, at *4-5 (C.D. Cal. Oct. 12, 2021); *Imagineering,*

1  *Inc. v. Kiewit Pac. Co.*, 976 F.2d 1303, 1313 (9th Cir. 1992), *abrogated on other grounds by Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005) (en banc).

    *Fourth*, again even if the Court had not dismissed the Amended Complaint in full, the Court would strike several allegations.  First, the allegation in paragraph 24 purporting to incorporate by reference the complaint from *Do No Harm v. Regents*, No. 2:25-cv-04131-JWH-JDE (C.D. Cal.), must be stricken because a pleading from "wholly separate action" may not be incorporated by reference. *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 492 (C.D. Cal. 2014); *see* Fed. R. Civ. P. 10(c).  Second, the allegations in paragraphs 42-47 regarding Individuals B and C should be stricken as "immaterial" because the Amended Complaint disclaims challenging transfer or graduate admissions processes.  Fed. R. Civ. P. 12(f); *see McCarthy v. Loyola Marymount Univ.*, 2021 WL 3164190, at *1 (C.D. Cal. Jan. 8, 2021).

    *Fifth*, again even if the Court had not dismissed the Amended Complaint in full, the Court would nevertheless dismiss all claims to the extent they are premised on allegations related to admissions at UC's medical schools.  As an initial matter, SARD fails to plausibly allege that any purported member is "able and ready" to apply to UC medical schools and therefore has standing to sue in their own right.  *See Loffman v. Cal. Dep't of Educ.*, 119 F.4th 1147, 1159, 1160-1161, 1162 n.8 (9th Cir. 2024).  And in any event, SARD makes "no specific factual allegations" regarding the UC medical schools at Davis, Irvine, Riverside, and San Diego; therefore, the Amended Complaint must be dismissed as to those four schools.  *Pyle v. Hatley*, 239 F. Supp. 2d 970, 984 (C.D. Cal. 2002); *see* Fed. R. Civ. P. 8(a)(2), 12(b)(6).  And SARD's thinly pled allegations regarding the medical schools at UCSF and UCLA—particularly after striking the allegation purporting to incorporate by reference the *Do No Harm* complaint, and not assuming as true the allegations contained in the *Washington Free Beacon* article

1  that SARD purports to incorporate by reference, *see United States v. Ritchie*, 342
2  F.3d 903, 908 (9th Cir. 2003)—are insufficient to plausibly state a claim of
3  intentional racial discrimination. See Fed. R. Civ. P. 12(b)(6).

  *Sixth*, to the extent any of the claims are not dismissed, the Court would dismiss SARD's request for nominal and punitive damages, *see Gutzalenko v. City of Richmond*, 723 F. Supp. 3d 748, 762 (N.D. Cal. 2024), because (1) SARD lacks standing to seek damages, *see Warth v. Seldin*, 422 U.S. 490, 515-516 (1975); and (2) punitive damages are unavailable as a matter of law, *see Barnes v. Gorman*, 536 U.S. 181, 189 (2002); *Gay-Straight All. Network v. Visalia Unified Sch. Dist.*, 262 F. Supp. 2d 1088, 1110-1111 (E.D. Cal. 2001); *Tan v. Univ. of Cal. S.F.*, 2007 WL 963223, at *1 (N.D. Cal. Mar. 29, 2007).

            \* \* \*

  Because the Amended Complaint fails to allege that Plaintiffs have standing, is a "shotgun" pleading, and fails to state a claim, it is hereby ORDERED that the Defendants' Motion to Dismiss and Strike Pursuant to Federal Rule of Civil Procedure 12 is GRANTED, and the Amended Complaint is hereby DISMISSED with prejudice.

         [SIGNATURE PAGE FOLLOWS]

Dated: _____

        Hon John W. Holcomb

        United States District Judge