1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| **Students Against Racial Discrimination**, | Case No. 8:25-cv-00192-JWH-JDE |
| Plaintiff, | **[Proposed] Order Denying Defendants' Motion to Dismiss and Motion to Strike** |
| v. | |
| **The Regents of the University of California**, et al., | Date:    October 17, 2025<br>Time:    9:00 A.M.<br>Place:   Courtroom 9D<br>Judge:   Hon. John W. Holcomb |
| Defendants. | |

The defendants have moved to dismiss the plaintiff's amended complaint and strike paragraphs 34 and paragraphs 42 through 47 of the complaint. Having considered the parties' briefing and arguments, the Court DENIES the defendants' motion.

On a motion to dismiss, the Court must assume the truth of the plaintiff's factual allegations and construe them in the light most favorable to the plaintiff. *See Christopher v. Harbury*, 536 U.S. 403, 406 (2002) ("Since we are reviewing a ruling on motion to dismiss, we accept Harbury's factual allegations and take them in the light most favorable to her."). This Court must also presume that general allegations in the plaintiff's complaint embrace the specific facts needed to support the claim. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("[O]n a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" (quoting *Lujan v. National Wildlife Federation*, 497 U.S. 871, 889 (1990)).

The Court finds that plaintiff Students Against Racial Discrimination (SARD) is a genuine membership organization. The Court further finds that SARD has alleged that it has members who stand "able and ready to apply" for admission to each of the University of California's law schools, medical schools, and undergraduate colleges, and that its members will encounter racial discrimination if they do so. *See Carney v. Adams*, 592 U.S. 53, 60 (2020); *Gratz v. Bollinger*, 539 U.S. 244, 262 (2003); *Northeast Florida Chapter of Associated General Contractors of America v. City of Jacksonville*, 508 U.S. 656, 666 (1993).

The Court also concludes that SARD has standing to seek nominal damages on behalf of its members under Title VI. *See, e.g.*, *Landau v. Corporation*

1  *of Haverford College*, --- F. Supp. 3d ----, No. CV 24-2044, 2025 WL 1796473,
2  at *18 n.20 (E.D. Pa. June 30, 2025) ("[W]hile suits for monetary damages
3  are generally inappropriate for associational standing due to the individual-
4  ized determinations that are inherent to such a suit, where Plaintiffs' only
5  available relief is a nominal-damages award, individual plaintiffs need not
6  participate for the claim's vindication."); *see also California Rifle & Pistol
7  Ass'n, Inc. v. Los Angeles County Sheriff's Dep't*, No. 2:23-CV-10169-SPG-
8  ADS, 2025 WL 2324625, at *6 (C.D. Cal. July 21, 2025); *American Alliance
9  for Equal Rights v. Southwest Airlines Co.*, No. 3:24-CV-1209-D, 2024 WL
10 5012055, at **3–4 (N.D. Tex. Dec. 6, 2024); *Moms for Liberty v. Brevard Pub-
11 lic Schools*, 118 F.4th 1324, 1330 & n.4 (11th Cir. 2024); *Florida Paraplegic
12 Ass'n v. Martinez,* 734 F. Supp. 997, 1001 (S.D. Fla. 1990); *American Human-
13 ist Ass'n v. Perry*, 303 F. Supp. 3d 421, 427, 433 (E.D.N.C. 2018).

14     The Court rejects the defendants' claim that the amended complaint
15 should be dismissed as a "shotgun pleading." *See Sollberger v. Wachovia Secu-
16 rities, LLC*, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010) (defining
17 "shotgun pleading" as a complaint that "overwhelm[s] defendants with an
18 unclear mass of allegations and make[s] it difficult or impossible for defend-
19 ants to make informed responses to the plaintiff's allegations."). The
20 amended complaint clearly alleges that the University of California is using
21 illegal racial preferences in student admissions at each of its nine undergrad-
22 uate colleges, at each of its five law schools, and at each of its six medical
23 schools. *See* Am. Compl. ¶ 8. And each of the defendants is accused of the
24 same illegal conduct. The defendants can make "informed responses" to
25 these allegations. *See Sollberger*, 2010 WL 2674456, at *4.

26     The Court concludes that the SARD may sue each of the individual de-

fendants for prospective relief under *Ex parte Young*, 209 U.S. 123 (1908). SARD has alleged "an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Maryland, Inc. v. Public Service Comm'n of Maryland*, 535 U.S. 635, 645 (2002). The Court also finds that the individual regents and chancellors have "some connection with" the enforcement of the disputed admissions policies given their oversight and supervisory powers over their respective universities. *See Arizona Students' Ass'n v. Arizona Board of Regents*, 824 F.3d 858, 865 (9th Cir. 2016); *Jackson v. Wright*, 82 F.4th 362, 367–68 (5th Cir. 2023).

The Court denies the defendants' motion to strike paragraphs 34 and paragraphs 42 through 47 of the amended complaint. Nothing in these paragraphs qualifies as "redundant, immaterial, impertinent, or scandalous" within the meaning of Fed. R. Civ. P. 12(f). And Fed. R. Civ. P. 10(c) does not prohibit a complaint from referring to or incorporating statements from other documents. *See* Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Dated: _____

_____
Hon. John W. Holcomb
United States District Judge