**WILMER CUTLER PICKERING HALE AND DORR LLP**
Debo P. Adegbile (admitted *pro hac vice*)
debo.adegbile@wilmerhale.com
Michael S. Crafts (admitted *pro hac vice*)
michael.crafts@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-295-8800

Felicia H. Ellsworth (admitted *pro hac vice*)
felicia.ellsworth@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: 617-526-6000

Joshua A. Vittor (CA Bar No. 326221)
joshua.vittor@wilmerhale.com
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Telephone: 213-443-5300

*Attorneys for UC Defendants*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUDENTS AGAINST RACIAL DISCRIMINATION, <br><br> *Plaintiff*, <br><br> v. <br><br> THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al., <br><br> *Defendants*. | Case No. 8:25-cv-00192-JWH-JDE <br><br> **UC DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE THIRD AMENDED COMPLAINT** <br><br> Date:     March 27, 2026 <br> Time:    9:00 a.m. <br> Place:   Courtroom 9D <br> Judge:  Hon. John W. Holcomb |

1

# TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................5

BACKGROUND .......................................................................................................5

    A.    Complaint and First Amended Complaint ............................................5

    B.    Second Amended Complaint and Third Amended Complaint ............6

LEGAL STANDARD...............................................................................................7

ARGUMENT ...........................................................................................................8

I.     SOVEREIGN IMMUNITY BARS THE CLAIMS AGAINST THE UC CHANCELLORS..8

CONCLUSION .....................................................................................................12

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*10E, LLC v. Travelers Indem. Co.*, 483 F. Supp. 3d 828 (C.D. Cal. 2020) ...................................................................................10

*Association des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937 (9th Cir. 2013) ...............................................8

*Assoc. for Info Media & Equipment v. Regents of the Univ. of Cal.*, 2012 WL 7683452 (C.D. Cal. Nov. 20, 2012) ........................... 11-12

*Barrett v. Univ. of California Regents*, 2018 WL 11471307 (N.D. Cal. Nov. 19, 2018) ...................................11

*Bolbol v. Brown*, 120 F. Supp. 3d 1010 (N.D. Cal. 2015)......................................9

*In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104 (9th Cir. 2013) ..............................................8

*Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990 (9th Cir. 2014) ...............................................7

*Espino v. Regents of the Univ. of California*, 666 F. Supp. 3d 1065 (C.D. Cal. 2023) .................................9

*Green v. Graduate Theological Union*, 2000 WL 1639514 (N.D. Cal. Oct. 27, 2000) .....................................11

*Hans v. Louisiana*, 134 U.S. 1 (1890)........................................................8

*R.W. v. Columbia Basin College*, 77 F.4th 1214 (9th Cir. 2023) ............................................12

*Raiser v. City of Temecula*, 2018 WL 798736 (C.D. Cal. Jan. 17, 2018) .....................................11

*Ex parte Young*,
  209 U.S. 123 (1908) .............................................................................................8

**Federal Rules**

Federal Rule of Civil Procedure 12(b)(6) .............................................................7

**Federal Statutes**

42 U.S.C. § 1981 ...................................................................................................5

42 U.S.C. § 1983 ...................................................................................................5

42 U.S.C. § 2000d. .................................................................................................5

**State Statutes**

Cal. Educ. Code §§ 92201, 99204, 99207 ...........................................................5

**Docketed Cases**

*Do No Harm et al. v. David Geffen School of Medicine at UCLA et al.*,
  No. 25-cv-04131 (C.D. Cal.) .............................................................................6

**Other Authorities**

Bylaw 31, University of California Board of Regents, *available at* https://regents.universityofcalifornia.edu/governance/bylaws/bl31.html ..........................................................................................................10

# INTRODUCTION

Plaintiff Students Against Racial Discrimination's ("SARD") Third Amended Complaint still fails to allege a direct connection between the conduct of individual Chancellors of the University of California and its undergraduate and law school admissions processes as required under *Ex parte Young* and its progeny.

The Court held that the First Amended Complaint failed to allege such facts concerning the UC Chancellors and the admissions processes. The current complaint fares no better. The Court should therefore dismiss with prejudice SARD's claims against the UC Chancellors.[1]

# BACKGROUND

## A. Complaint and First Amended Complaint

It has been more than a year since SARD filed this action on February 3, 2025, against the Regents of the University of California ("the Regents" or "UC") and various individual Regents and campus Chancellors in their official capacities. Dkt. 1. SARD initially alleged that UC's undergraduate colleges and law schools consider race when making admissions decisions and asserted claims under Title VI, Section 1981, and Section 1983. *Id.*[2] After UC, the individual Regents, and the Chancellors moved to dismiss, SARD filed the First Amended Complaint,

---

[1] This Motion is brought on behalf of the UC Defendants. "UC Defendants" refers to all Defendants named in the Third Amended Complaint except for David Faigman, Dean and Chancellor of UC Law San Francisco, an entity that is governed not by the Regents of the University of California but by a separate Board of Directors. *See* Cal. Educ. Code §§ 92201, 99204, 99207. "UC Chancellors" refers to all Chancellors named in the Third Amended Complaint except for Chancellor Faigman.

[2] "Title VI" refers to Title VI of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000d *et seq.* "Section 1981" refers to 42 U.S.C. § 1981. "Section 1983" refers to 42 U.S.C. § 1983.

which added allegations regarding admissions to UC medical schools, and later
stipulated to dismissal of the individual Regents as defendants. Dkts. 24, 26, 28.
The remaining defendants—UC and the UC Chancellors—moved to dismiss the
First Amended Complaint on August 14, 2025. Dkt. 35.

On December 16, 2025, the Court granted in part and denied in part the
motion to dismiss the First Amended Complaint. Dkt. 51. The Court dismissed
with leave to amend SARD's claims premised on admissions to UC medical
schools, which SARD had in any event purported to withdraw after argument on
the motion (Dkt. 45), and dismissed its claims against the UC Chancellors. As to
the latter, the Court concluded that SARD failed to allege "facts connecting the
Chancellor Defendants to the challenged intentional conduct," and therefore the
claims against those defendants were barred by sovereign immunity. Dkt. 51, at 9-
10.[3]

### B. Second Amended Complaint and Third Amended Complaint

Following the Court's decision, the Second Amended Complaint sought to
bring the same claims against UC, individual Regents in their official capacities,
and Chancellors in their official capacities.[4] The Second Amended Complaint
relied on a Regents Bylaw to allege that the UC Chancellors are "appropriate

---

[3] The Court also dismissed without leave to amend SARD's claims for
damages under Section 1981 and Section 1983 and struck SARD's allegations
concerning two supposed members—Individuals B and C—and an allegation
purporting to incorporate by reference the complaint in *Do No Harm et al. v. David
Geffen School of Medicine at UCLA et al.*, No. 25-cv-04131 (C.D. Cal.).

[4] The Second Amended Complaint named David Faigman, Chancellor and
Dean of UC Law San Francisco, as a defendant for the first time. Dkt. 52. As
noted above, UC Law San Francisco is not governed by the Regents. *See* Cal.
Educ. Code §§ 92201, 99204, 99207. The deadline for Chancellor Faigman to
respond to the Third Amended Complaint is April 3, 2026. Dkt. 65.

defendants under *Ex parte Young*," added allegations regarding four additional purported members of SARD, and revised allegations regarding certain SARD members to reflect developments since the original complaint was filed. *See* Second Am. Compl. (Dkt. 52) ¶¶ 8, 41-53. On February 25, 2026, after the parties conferred regarding the Second Amended Complaint, SARD filed the Third Amended Complaint, which (consistent with the parties' earlier stipulation, Dkt. 28) removes the individual Regents as defendants in this case and corrects allegations regarding certain supposed members of SARD. The allegations of the Third Amended Complaint, including those about the UC Chancellors, are otherwise the same as the Second Amended Complaint.

As a result, notwithstanding SARD's multiple opportunities to cure its pleading, the Third Amended Complaint maintains the deficient allegations against the UC Chancellors. That Complaint quotes in part Regents Bylaw 31 titled "Chancellors." Third Am. Compl. (Dkt. 66) ¶ 6. Relying on Bylaw 31, SARD alleges that the UC Chancellors are "appropriate defendants under *Ex parte Young*" because they "serve as the executive heads of their respective campuses," can change the policies of their campuses, are "responsible for the organization, internal administration, operation, financial management, and discipline" of their campuses, and "oversee all faculty personnel and other staff" at their campuses. *Id.* SARD alleges this includes personnel "involved with admissions." *Id.*

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege facts with sufficient support to render them plausible, not just possible. *See Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014). A court must assume the truth of well-pleaded factual allegations but should discount the validity of allegations that are

mere legal conclusions.  *See id*. at 996, 998.  "[P]laintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation." *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) (quotation marks omitted).  Instead, factual allegations make legal claims plausible only when they "tend[] to exclude the possibility that the [defendant's theory of non-liability] is true." *Id*.

## ARGUMENT

### I.    SOVEREIGN IMMUNITY BARS THE CLAIMS AGAINST THE UC CHANCELLORS

States possess sovereign immunity under the Eleventh Amendment, which makes them immune from being sued in federal court without their consent. *Hans v. Louisiana*, 134 U.S. 1, 10 (1890).  *Ex parte Young*, 209 U.S. 123 (1908), created a narrow exception to Eleventh Amendment immunity that allows plaintiffs to seek prospective declaratory or injunctive relief by suing state officers in their official capacities for alleged violations of federal law.  *See Association des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013).  For *Ex parte Young* to apply, however, "[t]he state official must have some connection with the enforcement" of the challenged policy.  *Id*. (quotation marks, citation omitted).  The connection must not be remote.  Instead, "[t]hat connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision"—such as a bylaw providing that Chancellors oversee all faculty personnel and other staff at their campuses—"will not subject an official to suit." *See id*. (quotation marks, citation omitted).

The Court found that the First Amended Complaint contained "no factual basis to conclude" that the UC Chancellors fall within the *Ex parte Young*

exception.  Dkt. 51, at 10.  The Third Amended Complaint does not remedy this defect.  It asserts the same two causes of action against the UC Chancellors: a claim under Section 1981 (Count 2) and a claim under Section 1983 (Count 3).  And it makes the same error this Court found fatal to the First Amended Complaint: it fails to allege a sufficient connection between the UC Chancellors and the challenged admissions policies and practices such that SARD's claims fall within the *Ex parte Young*'s narrow exception to sovereign immunity.  *Id.* (finding First Amended Complaint lacked the required "connection between the Chancellor Defendants and the challenged conduct").

The Third Amended Complaint's allegations about the UC Chancellors' roles governing their respective campuses fall far short of the "fairly direct" connection between the defendant and the alleged violation that the Ninth Circuit requires.  *See Harris*, 729 F.3d at 943 (no exception under *Ex parte Young* where official's only connection to challenged statute is "general duty" to enforce state law); *Bolbol v. Brown*, 120 F. Supp. 3d 1010, 1018 (N.D. Cal. 2015) (same); *Espino v. Regents of the Univ. of California*, 666 F. Supp. 3d 1065, 1082 (C.D. Cal. 2023) (no exception under *Ex parte Young* without "fairly direct" connection to enforcement of relevant statute).  SARD alleges no facts tying any Chancellor to any challenged conduct, instead alleging more generally that the UC Chancellors' broad duties leading their campuses subject them to any suit challenging admissions practices.  Specifically, SARD recites Regents Bylaw 31, which states in part that:

> The Chancellors serve as the executive heads of their respective campuses, implementing the policies and objectives of the Board and of the President of the University, and apprising the Board and the President of the

University of significant developments affecting their campuses and the University. The Chancellors set the policies, goals and strategic direction for their campuses, consistent with those of the University. The Chancellors are responsible for the organization, internal administration, operation, financial management, and discipline of their campuses within the budget and policies approved by the Board and/or the President of the University. They oversee all faculty personnel and other staff at their locations, and appoint all members of the instructional staff, and may fix their remuneration in accordance with the provisions of the budget established by the Board and the salary scales of the University.

Third Am. Compl. ¶ 6. On its face, that bylaw does not expressly reference any role in undergraduate or law school admissions.[5] Yet SARD alleges that the UC Chancellors have "some connection" to the challenged conduct because they are executives in charge of policies and operations at their campuses, oversee all faculty and staff including admissions staff, and are responsible for campus

_____

[5] SARD quotes only a portion of Regents Bylaw 31, but its remaining text also does not expressly reference any role in undergraduate or law school admissions. Bylaw 31, University of California Board of Regents, *available at* https://regents.universityofcalifornia.edu/governance/bylaws/bl31.html (last accessed Feb. 27, 2026). The Court may consider the entirety of Regents Bylaw 31. *See 10E, LLC v. Travelers Indem. Co.*, 483 F. Supp. 3d 828, 835 (C.D. Cal. 2020) ("Although as a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion, a court can consider extrinsic material when its authenticity is not contested and the plaintiff's complaint necessarily relies on them." (quotation marks, alterations, citation omitted)).

operations.  *Id.*  In SARD's view, these generalized responsibilities "include[] the conduct of admissions and ensuring compliance with federal and state laws banning the use of race in admissions."  *Id.*

SARD has therefore alleged exactly what courts in this Circuit have held is insufficient under *Ex parte Young*: a "general supervisory power" or a "generalized duty" to ensure compliance with the law.  *Harris*, 729 F.3d at 943.  "Simply overseeing or supervising the infringing activity is not enough."  *Assoc. for Info Media & Equipment v. Regents of the Univ. of Cal.*, 2012 WL 7683452, at *4 (C.D. Cal. Nov. 20, 2012).  After multiple attempts, SARD still cannot allege any facts to support the allegation that a Chancellor had any "direct involvement with the alleged . . . violations."  *Barrett v. Univ. of California Regents*, 2018 WL 11471307, at *3 (N.D. Cal. Nov. 19, 2018) (quoting *Green v. Graduate Theological Union*, 2000 WL 1639514, at *5 (N.D. Cal. Oct. 27, 2000), *aff'd*, 31 F. App'x 383 (9th Cir. 2002)); *see also Raiser v. City of Temecula*, 2018 WL 798736, at *5 (C.D. Cal. Jan. 17, 2018), *report and recommendation adopted*, 2018 WL 791160 (C.D. Cal. Feb. 8, 2018) (*Ex parte Young* did not apply when plaintiff identified defendants "only in connection with the general duties and powers of the offices they hold" and did not allege "any direct link to or involvement with the underlying facts of Plaintiff's claims."); *Green*, 2000 WL 1639514, at *5 (granting motion to dismiss where plaintiff failed to allege that UC President and campus Chancellor had "any direct involvement" with the alleged violation).  SARD fails, again, to allege "the essential causal connection" between the UC Chancellors and the alleged violation "necessary to invoke the *Ex parte Young* exception to sovereign immunity."  *Assoc. for Info Media & Equipment v.*

*Regents of the Univ. of Cal.*, 2012 WL 7683452, at *4 (citing *Pennington Seed, Inc. v. Produce Exch. No. 299*, 457 F.3d 1334, 1342 (Fed. Cir. 2006)).[6]

Association for Information Media and Equipment is instructive. There, the court dismissed with prejudice claims against the President of UC and the Chancellor of UCLA because the plaintiffs failed to allege "the essential causal connection between the officer[s] and [the] alleged violation necessary to invoke the *Ex parte Young* exception to sovereign immunity." *Assoc. for Info. Media & Equip.*, 2012 WL 7683452, at *4. Even though the university officials were alleged to be "the executive head of all activities on . . . campus" and "authorized to develop and implement policies and procedures" related to the subject matter of the dispute, the court found that "[s]imply overseeing or supervising the infringing activity is not enough." *Id.* (citing *Pennington Seed*, 457 F.3d at 1342). The same is true here. The UC Chancellors' alleged blanket authority to oversee campuses does not provide a connection to the challenged admissions policies or practices that is sufficient to abrogate the UC Chancellors' sovereign immunity.

Accordingly, SARD's claims against the UC Chancellors should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, the UC Defendants respectfully request that the Court dismiss with prejudice the claims against the UC Chancellors.

---

[6] *R.W. v. Columbia Basin College*, 77 F.4th 1214 (9th Cir. 2023), is not to the contrary. There, the Court found that a college dean did not have immunity where the dean was "directly involved with the alleged constitutional violation" because he issued the relevant no-trespass order against the plaintiff and led the investigation into the student's conduct. *Id.* at 1227-1228. SARD alleges no comparable facts here (nor could it).

Dated: February 27, 2026

Respectfully submitted,

/s/ Felicia H. Ellsworth
Felicia H. Ellsworth
(admitted *pro hac vice*)

**WILMER CUTLER PICKERING HALE AND DORR LLP**
Felicia H. Ellsworth (admitted *pro hac vice*)
felicia.ellsworth@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: 617-526-6000

Debo Adegbile (admitted *pro hac vice*)
debo.adegbile@wilmerhale.com
Michael Crafts (admitted *pro hac vice*)
michael.crafts@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-295-8800

Joshua A. Vittor (CA Bar No. 326221)
joshua.vittor@wilmerhale.com
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Telephone: 213-443-5300

*Attorneys for UC Defendants*

1
2

## <u>CERTIFICATE OF COMPLIANCE WITH L.R. 11-6.1 AND STANDING ORDER OF HON. JOHN W. HOLCOMB</u>

3

The undersigned, counsel of record for UC Defendants, certifies that this

4

brief contains 25 pages or fewer, which complies with the page limit set by the

5

Court's Standing Order revised February 24, 2023.

6

7

Dated: February 27, 2026

<u>/s/ Felicia H. Ellsworth</u>

8

Felicia H. Ellsworth

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28