UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

|  |  |
|---|---|
| **Students Against Racial Discrimination**, | Case No. 8:25-cv-00192-JWH-JDE |
| Plaintiff, |  |
| v. | **Declaration of Jonathan F. Mitchell** |
| **The Regents of the University of California**, et al., |  |
| Defendants. |  |

1. My name is Jonathan F. Mitchell. I am over the age of 18 and fully competent in all respects to make this declaration.

2. I have personal knowledge of the facts stated in this declaration, and all of these facts are true and correct.

3. I represent plaintiff Students Against Racial Discrimination (SARD) in this litigation, and I submit this declaration in support of the plaintiff's brief opposing the UC defendants' motion to dismiss the third amended complaint in part.

4. After this Court issued its ruling of December 16, 2025 (ECF No. 51), which granted in part and denied in part the UC defendants' motion to dismiss the first amended complaint, I carefully reviewed this Court's ruling in the related case of *Do No Harm v. David Geffen School of Medicine at UCLA*, No. 2:25-cv-04131-JWH-JDE (C.D. Cal.), which had denied UCLA Chancellor Frenk's motion to dismiss the claims against him on sovereign-

immunity grounds. *See Do No Harm v. David Geffen School of Medicine at UCLA*, --- F. Supp. 3d ----, 2025 WL 3727492, *3 (C.D. Cal.).

5. I also reviewed the allegations in Do No Harm's complaint, which this Court found sufficient to state a claim against Chancellor Frenk notwithstanding his attempt to dismiss those claims on sovereign-immunity grounds. *See Do No Harm v. David Geffen School of Medicine at UCLA*, No. 2:25-cv-04131-JWH-JDE (C.D. Cal.), ECF No. 53, at ¶ 21.

6. I relied on this Court's ruling in *Do No Harm* when drafting the second and third amended complaints and did everything I could to ensure that SARD's allegations regarding the chancellors carefully tracked the allegations that this Court had previously approved in *Do No Harm*.

7. During and between our meet-and-confer sessions with counsel for the UC defendants, I made repeated attempts to obviate the need for a motion to dismiss by offering to further amend SARD's complaint to provide whatever factual allegations the UC defendants thought were needed to allege "some connection" between the UC chancellors and the challenged admissions policies—even though I viewed further amendments as entirely unnecessary given this Court's previous ruling in *Do No Harm*. The UC defendants, however, refused to consent to allowing further amendment along these lines. An authentic copy of the e-mails exchanged between counsel over these issues is attached as Exhibit 5 to the brief.

8. I continue to believe that the UC defendants' objections to the sufficiency of the factual allegations in our complaint should have been resolved through the meet-and-confer process, rather than burdening the Court with another round of motion-to-dismiss briefing. SARD was willing to accommodate the UC defendants by providing whatever factual details they

thought necessary to allege "some connection" between the UC chancellors and the challenged admissions policies. I regret that the parties were unable to resolve these issues among themselves despite our efforts to accommodate the UC defendants' objections to the sufficiency of our factual allegations.

This concludes my sworn statement. I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 5, 2026

*Jonathan F. Mitchell*
JONATHAN F. MITCHELL