**From:** Crafts, Michael Michael.Crafts@wilmerhale.com
**Subject:** RE: draft third amended complaint in SARD v. UC
**Date:** February 11, 2026 at 7:04 PM
**To:** Jonathan Mitchell jonathan@mitchell.law
**Cc:** William J. Brown Jr. bill@brownwegner.com, Ryan Giannetti ryan.giannetti@aflegal.org, Laura Stell laura.stell@aflegal.org, Madison Brown madison.brown@aflegal.org, Nick Barry nicholas.barry@aflegal.org, Ellsworth, Felicia H Felicia.Ellsworth@wilmerhale.com, Adegbile, Debo Debo.Adegbile@wilmerhale.com, Vittor, Joshua Joshua.Vittor@wilmerhale.com, Hogue, Sharon Kelleher Sharon.Hogue@wilmerhale.com

Counsel,

Thank you for the further discussion yesterday. Following up on that discussion, we would oppose any attempt by SARD to amend its complaint at this stage to change the allegations related to the Chancellors. And as required by Local Rule 7-3, we will certify that we conferred on the disputed issue in our motion to dismiss (i.e., whether the allegations against the Chancellors in the operative complaint are sufficient to state a claim).

Thanks,
Mike

**Michael S. Crafts | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 295 6724 (t)
+1 212 230 8888 (f)
michael.crafts@wilmerhale.com

 One Firm. One Legacy.

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at https://www.wilmerhale.com.

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Monday, February 9, 2026 4:41 PM
**To:** Crafts, Michael <Michael.Crafts@wilmerhale.com>
**Cc:** William J. Brown Jr. <bill@brownwegner.com>; Ryan Giannetti <ryan.giannetti@aflegal.org>; Laura Stell <laura.stell@aflegal.org>; Madison Brown <madison.brown@aflegal.org>; Nick Barry <nicholas.barry@aflegal.org>; Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>; Adegbile, Debo <Debo.Adegbile@wilmerhale.com>; Vittor, Joshua <Joshua.Vittor@wilmerhale.com>; Hogue, Sharon Kelleher <Sharon.Hogue@wilmerhale.com>
**Subject:** Re: draft third amended complaint in SARD v. UC



Yes that works.

> On Feb 9, 2026, at 8:25 AM, Crafts, Michael <Michael.Crafts@wilmerhale.com> wrote:
>
> Thanks, Jonathan. We are available to further discuss. Does tomorrow at 2:30PM ET work for you?
>
> Best,
> Mike
>
> **Michael S. Crafts | WilmerHale**
> 7 World Trade Center
> 250 Greenwich Street
> New York, NY 10007 USA
> +1 212 295 6724 (t)
> +1 212 230 8888 (f)
> michael.crafts@wilmerhale.com
>
> <image001.jpg>  **One Firm. One Legacy.**
>
> ---
>
> This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.
>
> For more information about WilmerHale, please visit us at https://www.wilmerhale.com.
>
> ---
>
> **From:** Jonathan Mitchell <jonathan@mitchell.law>
> **Sent:** Monday, February 9, 2026 12:36 AM
> **To:** Crafts, Michael <Michael.Crafts@wilmerhale.com>; Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>; Adegbile, Debo <Debo.Adegbile@wilmerhale.com>; Vittor, Joshua <Joshua.Vittor@wilmerhale.com>
> **Cc:** William J. Brown Jr. <bill@brownwegner.com>; Ryan Giannetti <ryan.giannetti@aflegal.org>; Laura Stell <laura.stell@aflegal.org>; Madison Brown <madison.brown@aflegal.org>; Nick Barry <nicholas.barry@aflegal.org>
> **Subject:** Re: draft third amended complaint in SARD v. UC
>
> 
>
> Thanks Mike.
>
> You are certainly correct that you do not have an obligation to maintain

You are certainly correct that you do not have an obligation to maintain positional consistency between the Do No Harm and SARD cases, and I was not attempting to suggest otherwise.

I'm just trying to figure out whether we can resolve this without the court's involvement, and whether we've done everything we can in that regard to satisfy our meet-and-confer obligations.

It looked to me as though there is a way for us to plead sufficient involvement by the Chancellors under Ex parte Young, given that you were content to answer the Do No Harm plaintiffs' second amended complaint which had allegations very similar to ours. (Again, I'm not suggesting that your decision to answer their complaint estops you from taking a different position in our case.) And I still don't think I fully understand why you find our current allegations with respect to the Chancellors insufficient.

Would you be willing to have a short follow-up call on this before we decide how to proceed? I don't think it will take more than 10 or 15 minutes.

Thanks for considering this.


—Jonathan


> On Feb 5, 2026, at 5:13 AM, Crafts, Michael <Michael.Crafts@wilmerhale.com> wrote:
>
> Counsel,
>
> As we explained, we believe that the Second Amended Complaint does not allege a sufficient connection between the Chancellors and admissions policies and practices at UC undergraduate colleges and law schools for the *Ex parte Young* exception to sovereign immunity to apply under Ninth Circuit case law. We also believe that SARD cannot allege the sufficient connection because the Chancellors are not in fact sufficiently connected to such policies and practices for that exception to apply.
>
> The fact that the *Do No Harm* defendants answered the Second Amended Complaint does not make SARD's claims against the Chancellors sufficiently pleaded. Nor does it bar Defendants from moving to dismiss those claims here.
>
> We are available for a call if you would like to discuss further.

Thanks,
Mike

**Michael S. Crafts | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 295 6724 (t)
+1 212 230 8888 (f)
michael.crafts@wilmerhale.com

<image001.jpg>  **One Firm. One Legacy.**

---

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at https://www.wilmerhale.com.

---

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Monday, February 2, 2026 3:16 PM
**To:** Crafts, Michael <Michael.Crafts@wilmerhale.com>
**Cc:** William J. Brown Jr. <bill@brownwegner.com>; Ryan Giannetti <ryan.giannetti@aflegal.org>; Laura Stell <laura.stell@aflegal.org>; Madison Brown <madison.brown@aflegal.org>; Nick Barry <nicholas.barry@aflegal.org>; Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>; Adegbile, Debo <Debo.Adegbile@wilmerhale.com>; Vittor, Joshua <Joshua.Vittor@wilmerhale.com>
**Subject:** Re: draft third amended complaint in SARD v. UC

**EXTERNAL SENDER**

Counsel:

To fulfill our meet-and-confer obligations, could you please tell us precisely how our allegations with respect to the chancellors' "connection" to the challenged admissions policies are deficient (in your view) under Twombly and Iqbal? And could you also please explain your stance that the chancellors would be improper defendants under Ex parte Young no matter how much factual detail we plead?

I noticed that you answered the second amended complaint in Do No Harm rather than seek dismissal, even though it names the UCLA chancellor as an Ex parte Young defendant and contains factual allegations about the UCLA chancellor's responsibilities that (as far as I can tell) are indistinguishable from ours. Compare ¶21 in Do No Harm second amended complaint (ECF No. 76) with ¶8 in SARD second amended complaint (ECF No. 52).

Perhaps I misunderstood what you said on our call, but I thought you told us that the chancellors cannot be sued under Ex parte Young over the schools' admissions policies no matter what we plead — essentially that we had sued the wrong defendants (in addition to failing to plead sufficient factual detail about the chancellors' "connection" to the schools' admissions policies).

Given that you are content to allow the claims against Chancellor Frenk to proceed in Do No Harm, it seems that we should be able to resolve at least some if not all of your objections without the court's involvement. I understand that you believe that we should not be allowed another opportunity to amend, but we can ask the court to resolve that. We should, at the very least, determine among ourselves what will satisfy your pleading objections rather than burden the court with another round of motion-to-dismiss briefing.


—Jonathan




> On Feb 2, 2026, at 11:31 AM, Jonathan Mitchell <jonathan@mitchell.law> wrote:
>
> Thanks Mike. We will oppose your motion to dismiss the complaint.
>
> We are still considering whether to seek further amendment to obviate your Twombly/Iqbal objections.

On Feb 2, 2026, at 11:22 AM, Crafts, Michael <Michael.Crafts@wilmerhale.com> wrote:

Counsel,

Thank you for sending the further revised complaint.  We will stipulate to this complaint being filed.  As discussed, we think that any stipulation should come after counsel for Chancellor Faigman has entered an appearance so that he can join the stipulation.

Please let us know your position regarding our expected motion to dismiss this further amended complaint after it is filed, including whether you will seek to file another amended complaint.

Thanks,
Mike

**Michael S. Crafts | WilmerHale**
7 World Trade Center
250 Greenwich Street
New York, NY 10007 USA
+1 212 295 6724 (t)
+1 212 230 8888 (f)
michael.crafts@wilmerhale.com

<image001.jpg>  **One Firm. One Legacy.**

This email message and any attachments are being sent by Wilmer Cutler Pickering Hale and Dorr LLP, are confidential, and may be privileged. If you are not the intended recipient, please notify us immediately—by replying to this message or by sending an email to postmaster@wilmerhale.com—and destroy all copies of this message and any attachments. Thank you.

For more information about WilmerHale, please visit us at https://www.wilmerhale.com.

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Friday, January 30, 2026 1:57 AM
**To:** Crafts, Michael <Michael.Crafts@wilmerhale.com>; Ellsworth, Felicia H <Felicia.Ellsworth@wilmerhale.com>; Adegbile, Debo <Debo.Adegbile@wilmerhale.com>; Vittor, Joshua <Joshua.Vittor@wilmerhale.com>
**Cc:** William J. Brown Jr. <bill@brownwegner.com>; Ryan Giannetti <ryan.giannetti@aflegal.org>; Laura Stell <laura.stell@aflegal.org>; Madison Brown <madison.brown@aflegal.org>; Nick Barry <nicholas.barry@aflegal.org>
**Subject:** draft third amended complaint in SARD v. UC

**EXTERNAL SENDER**

Counsel:

Attached is the revised draft of our proposed third amended complaint, which fixes some typographical errors. No substantive changes were made from the previous draft that we circulated on January 23, 2026.

If you would like me to prepare and circulate a redline that compares this version with the 1/23 version, please let me know.

—Jonathan


-----------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701