# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| STUDENTS AGAINST RACIAL DISCRIMINATION,<br><br>      Plaintiff,<br><br>   v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; et al.<br><br>      Defendants. | Case No. 8:25-cv-00192-JWH-(JDEx)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT DAVID FAIGMAN'S OMNIBUS MOTION TO DISMISS FOR LACK OF JURISDICTION (12(b)(1)); FOR FAILURE TO STATE A CLAIM (12(b)(6)), AND FOR IMPROPER JOINDER (21).**<br><br>Date:   May 8, 2026<br>Time:  9:00 a.m.<br><br><br>Judge:     Hon. John W. Holcomb<br>Crtrm.:    Santa Ana, 9D<br>Magistrate: Hon. John D. Early<br>Crtrm:    Santa Ana, 6A |

THIS MATTER comes before this Court on Defendant David Faigman's ("Defendant") Motion to Dismiss Third Amended Complaint pursuant to Federal Rules of Civil Procedure 12 and 21.  Upon considering the Third Amended Complaint and the parties' briefing, the Court finds dismissal of the Amended Complaint is warranted.

*First*, the Third Amended Complaint is dismissed in its entirety because SARD lacks standing as it fails to plausibly allege that its purported members have suffered a concrete and particularized injury that can be fairly traced to Defendant's conduct.  *See Carney v. Adams*, 592 U.S. 53, 58 (2020).  As a result, the Court does not have jurisdiction, and the Third Amended Complaint must be dismissed.  *See* Fed. R. Civ. P. 12(b)(1); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).

*Second*, even if SARD had adequately alleged standing, SARD has not alleged any facts related to any policy or practice of UC Law SF.  SARD alleges that the "UC Regents repealed their own internal measures forbidding the use of race in admissions" (TAC ¶ 17) and that unspecified "UC administrators" criticized restrictions on their ability to increase racial diversity.  (*Id*.)  But there are no allegations about the policies and practices of UC Law SF.  Nor are there any allegations about any actions or statements by Faigman or by any other UC Law SF official or representative.  Accordingly, the Third Amended Complaint must be dismissed for failure to state a claim.  *See* Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Giannini v. County of Sacramento*, No. 2:21–cv–00581–KJN, 2023 WL 6279437, at * 2 (E.D. Cal. Sept. 26, 2023).

*Third*, even if SARD had alleged facts sufficient to state a plausible claim that UC Law SF's practices were discriminatory, SARD has not alleged facts sufficient to connect Defendant Faigman with any discriminatory practice.  Absent any such connection, *Ex Parte Young* does not attach, and the Third Amended Complaint must be dismissed for this additional reason.  *See* Fed. R. Civ. P. 12(b)(6); *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999).

*Fourth*, even if SARD had adequately alleged any viable claim against Defendant Faigman, the Court would have dropped Defendant Faigman from this case and severed these claims as against him. Because UC Law SF is governed independently from the UC Defendants, any claims against Defendant Faigman in his official capacity do not arise from the same transactions or occurrences alleged in the complaint, and do not stem from common questions of law or fact, making UC Law SF not a proper defendant here. *See* Fed. R. Civ. P. 21; *Visendi v. Bank of N.A.*, 733 F.3d 863, 870 (9th Cir. 2013); *Corley v. Google, Inc.*, 316 F.R.D. 277, 282–83 (N.D. Cal. 2016).

*Fifth*, and relatedly, permitting an action against UC Law SF to proceed here, in the Central District Court of California, would not comport with "fundamental fairness" and "would result in prejudice" to the law school. *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013). UC Law SF resides in the Northern District of California, and all of its actions related to admissions take place there. It should not be compelled to litigate in a foreign venue simply because plaintiff's existing case—challenging distinct actions by separately-governed defendants—is proceeding here.

****

Because the Third Amended Complaint fails to allege that Plaintiffs have standing and fails to state a claim, it is hereby ORDERED that the Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12 is GRANTED. Because Defendant is misjoined and not a proper party, pursuant to Federal Rule of Civil Procedure 21 Defendant Faigman is dropped from the case. Accordingly, the Third Amended Complaint is hereby DISMISSED with prejudice.

/ / /

/ / /

IT IS SO ORDERED.

DATED: _____, 2026

_____
HON. JOHN W. HOLCOMB
United States District Judge

Case No. 8:25-cv-00192-JWH-(JDEx)