# EXHIBIT 2

Jonathan F. Mitchell*
jonathan@mitchell.law
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940
* admitted *pro hac vice*

William J. Brown Jr.
California Bar No. 192950
bill@brownwegner.com
Brown Wegner LLP
2010 Main Street, Suite 1260
Irvine, California 92614
(949) 705-0081

Ryan Giannetti*
ryan.giannetti@aflegal.org
America First Legal Foundation
611 Pennsylvania Avenue SE #231
Washington, DC 20003
(202) 964-3721
* admitted *pro hac vice*

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

**Students Against Racial Discrimination**,

Plaintiff,

v.

**The Regents of the University of California**, et al.,

Defendants.

Case No. 8:25-cv-00192-JWH-JDEx

**Plaintiff's Second Set of Requests for Production of Documents and Tangible Things to Defendant the Regents of the University of California**

PROPOUNDING PARTY: Plaintiff Students Against Racial Discrimination
RESPONDING PARTY: Defendant The Regents of the University of California
SET NO.: Two

Plaintiff Students Against Racial Discrimination ("SARD") propounds its Second Set of Requests for Production of Documents and Tangible Things upon Defendant The Regents of the University of California ("Regents").

## INSTRUCTIONS

Regents are required to respond to each Request for Production in compliance with Rule 34 of the Federal Rules of Civil Procedure, and must produce for inspection or copying the requested documents and tangible things that are within its possession, custody, or control. Regents must produce the requested documents and tangible things within 30 days, by: (1) creating electronic reproductions of the responsive documents and tangible things and electronically producing them to SARD's counsel at the following email addresses (jonathan@mitchell.law and bill@brownwegner.com), or (2) producing such responsive documents and tangible items at the offices of Brown Wegner LLP, 2010 Main Street, Suite 1260, Irvine, California 92614.

Regents are required to supplement their responses consistent with Rule 26(e) of the Federal Rules of Civil Procedure. Regents must produce their responses in accordance with the following instructions:

1. Regents must produce for inspection and copying of all responsive documents in their possession, custody, or control, wherever located, including all documents in the possession, custody, or control of Regents' officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, investigators, and representatives.

2. Any non-identical copy of a document, including copies with notes, highlighting, comments, or marginalia of any nature, and drafts, must be identified and produced as a separate document.

3. If there are no documents responsive to a category in this inspection demand, please state so in writing.

4. For each document that Regents decline to make available for inspection and copying on the grounds of privilege or the attorney work-product rule, provide the following information:

a. State the date on which the document was created;

b. State the title of the document;

c. Briefly describe the nature and contents of the document;

d. Identify each person or entity that received a copy of the document or to whom the document or its contents were disclosed;

e. Identify the privilege or rule that Regents contends protects the document from disclosure; and

f. Identify each fact on which Regents bases its contention that the privilege or rule identified in its response applies.

5. If any material is redacted from a document, indicate that in the response to the inspection demand and state the basis for each redaction.

6. Please produce the original of each document and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below.

7. If, for any reason, any of the documents, objects, or tangible things to be produced pursuant to these inspection demands has been destroyed, lost, or otherwise disposed of, state for each category the following information:

a. A description of the document, object, or tangible thing to be produced. If the destroyed, lost or otherwise disposed of item is a document, identify the document by

date, drafter, recipient, and subject matter.

b. The date the document, object or tangible thing was lost, destroyed, or disposed of.

c. All persons who have knowledge of the loss, destruction, or disposal.

d. If the loss, destruction, or disposal related to an object or tangible thing, identify all documents that relate or refer to the loss, destruction, or disposal.

8. Produce documents in their native format where applicable.

9. If a document is responsive to a Request for Production and is in the Regents' control, but not in the Regents' possession or custody, identify all persons with possession or custody.

10. Unless otherwise stated below, the Relevant Time Period for these Requests for Production is January 1, 2020, through the present.

DEFINITIONS

The following definitions apply to each of these discovery requests:

1. The terms "Regents," "you," and "your" refers to Defendant The Regents of the University of California, and every university, college, school, program, and campus within the University of California system, and any agent or person acting or purporting to act for or on the behalf of any university, college, school, program, or campus within the University of California system, whether authorized to do so or not.

2. The terms "communication" and "communicate" refer to any method used to transmit or exchange information, concepts, or ideas (whether verbal or non-verbal) including oral, written, typed, or electronic transmittal of any type of information or data, by the use of words, silence, numbers, symbols, images, or depictions, from one person or entity to another person or entity. This may include various communication platform messages, such as Slack, Signal, WeChat, text message, email, etc.

3. The term "document" refers to the act of noting, recording, or preserving any type of information, data, or communication, without regard to the method used to note, record, or preserve such information, data, or communication. The term includes any e-mail or text message.

4. The term "entity" means any legal entity inquired about (other than a natural person) including a partnership, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

5. The terms "identify" and "identity," when used in connection with a natural person, require disclosure of that person's full name, present or last known address, present or last known telephone number, and present or last known e-mail address. When used in connection with a legal entity, the terms require disclosure of its legal name, its address, and telephone number.

6. The terms "implement" and "implementation" refer to any method, process, or action used to put a decision or plan into effect or achieve a goal or obligation.

7. The term "information" refers to and includes documents, records, communications, facts, ideas, data, observations, opinions, photographs, slides, video recordings, audio recordings, and tangible and intangible items and evidence of any kind or sort.

8. The terms "person" and "persons" mean any legal entity inquired about, whether a natural person, partnership, sole proprietorship, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

9. The term "record" means letters, words, sounds, or numbers, or the equivalent of letters, words, sounds, or numbers, that have been written, recorded, documented, or received by:

(A) handwriting;

(B) typewriting;

(C) printing;

(D) photostat;

(E) photograph;

(F) magnetic impulse;

(G) mechanical or electronic recording;

(H) digitized optical image; or

(I) another form of data compilation.

10. The term "record" also includes any communication, including an e-mail or text-message communication. This may also include various communication platform messages, such as slack, signal, wechat, text message, email, etc.

11. The term "UC Campus" shall be interpreted to encompass every undergraduate program and law school within the University of California system.

12. The term "UC" shall be interpreted to encompass Defendant Regents and every undergraduate program and law school within the University of California system.

13. The term "sex" shall be interpreted broadly so as to encompass all interpretations of sexual or gender identity as identified by UC.

14. The term "reproduction" means an accurate and complete counterpart of an original document or record produced by:

(A) production from the same impression or the same matrix as the original;

(B) photograph, including an enlargement or miniature;

(C) mechanical or electronic re-recording;

(D) chemical reproduction;

(E) digitized optical image; or

(F) another technique that accurately reproduces the original.

15. The terms "and" and "or," when used in these definitions and in the discovery requests, include the conjunction "and/or."

## REQUESTS FOR PRODUCTION

**Request for Production No. 45:**

Produce all studies conducted in the past ten years by UC faculty and staff concerning the performance of undergraduate students. We previously requested that UC produce the recent (2025) UCSD study of undergraduate preparedness, and the data and analysis used to generate that report. Another example that we recently learned of is "Academic Difficulty at Berkeley: An Overview," by Noah Bender, a historian at Berkeley. Please provide us with a copy of the Bender study, and the data and analysis underlying that study. We are seeking the same type of production for all analogous studies produced at any UC campus, or at the central administrative offices of the university, from 2015 to the present.

**RESPONSE:**

**Request for Production No. 46:**

Produce all internal studies conducted by faculty or staff at UC law schools over the past twenty years concerning student performance at law school or on the bar exam. For example, on January 20, 2011, UCLA Law School Dean Rachel Moran received a report from Dr. Joe Doherty entitled "Bar Passage Study." On November 22, 2006, UCLA Law School Dean Michael Schill received a report from Dr. Tom Skewes-Cox entitled "Bar Passage." Both of these memos were produced to Richard Sander in heavily redacted form in response to a 2011 FOIA request that he submitted to the

university. Please produce the unredacted versions of these memos, along with the databases used to generate them. And please provide any analogous report produced by any of the UC law schools from January 1, 2006, to the present.

**RESPONSE:**

Respectfully submitted.

/s/ William J. Brown Jr.

WILLIAM J. BROWN JR.
California Bar No. 192950
Brown Wegner LLP
2010 Main Street, Suite 1260
Irvine, California 92614
(949) 705-0081 (phone)
bill@brownwegner.com

JONATHAN F. MITCHELL*
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

RYAN GIANNETTI*
D.C. Bar No. 400153
America First Legal Foundation
611 Pennsylvania Avenue SE #231 Washington, DC 20003
(202) 964-3721 (phone)
ryan.giannetti@aflegal.org

* admitted *pro hac vice*

Dated: December 24, 2025

*Counsel for Plaintiff*

## Certificate of Service

I certify that on December 24, 2025, I served this document by e-mail upon:

Debo Adegbile
Wilmer Cutler Pickering Hale and Dorr LLP
7 World Trade Center
250 Greenwich Street
New York, New York 10007
(212) 295-8800
debo.adegbile@wilmerhale.com

Felicia H. Ellsworth
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000
felicia.ellsworth@wilmerhale.com

Joshua A. Vittor
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue Suite 2400
Los Angeles, California 90071
(213) 443-5300
joshua.vittor@wilmerhale.com

*Counsel for the Defendants*

/s/ Jonathan F. Mitchell
Jonathan F. Mitchell
*Counsel for Plaintiff*

Dated: December 24, 2025