# EXHIBIT 3

***HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY***
***UNDER FORTHCOMING STIPULATED PROTECTIVE ORDER***

WILMER CUTLER PICKERING
HALE AND DORR LLP
Debo P. Adegbile (admitted *pro hac vice*)
Michael S. Crafts (admitted *pro hac vice*)
debo.adegbile@wilmerhale.com
michael.crafts@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-295-8800

Felicia H. Ellsworth (admitted *pro hac vice*)
felicia.ellsworth@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: 617-526-6000

Joshua A. Vittor (CA Bar No. 326221)
joshua.vittor@wilmerhale.com
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Telephone: 213-443-5300

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

STUDENTS AGAINST RACIAL DISCRIMINATION,

*Plaintiff*,

v.

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al.,

*Defendants.*

Case No. 8:25-cv-00192-JWH-JDE

**Defendant The Regents of the University of California's Responses and Objections to Plaintiff's First Set of Requests for Production (Nos. 1-44)**

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, and Rule 34 of the Local Rules for the United States District Court for the Central District of California ("Local Rules"), Defendant the Regents of the University of California (the "Regents"), by and through its undersigned counsel, hereby responds and objects to Plaintiff's First Set of Requests for Production (the "Requests" and each a "Request") (Nos. 1-44), dated December 5, 2025. These responses and objections are made without prejudice to the Regents' right to assert additional, amended, or supplemental responses or objections pursuant to Rule 26(e).[1]

## GENERAL OBJECTIONS

The following General Objections form a part of, and are hereby incorporated into, the response to each and every Request set forth below. These limitations and objections are set forth here to avoid the duplication and repetition of restating them for each individualized response. Nothing in those responses, including any failure to recite an objection noted herein in response to a particular Request, should be construed as a waiver of any of these General Objections.

The Regents have not completed their investigation into the subject matter of and allegations raised in this lawsuit. Accordingly, the following responses are based upon the Regents' knowledge, information, and belief as of the date hereof. These responses are made without prejudice to the Regents' right to present in any proceeding in this litigation such additional evidence as may be hereafter discovered.

1. The Regents object to each Request, Definition, and Instruction to the extent it is vague, ambiguous, overly broad, unduly burdensome, or seeks discovery

---

[1] The Regents hereby reiterate their position that discovery is premature. The response of Defendants, including the Regents, to Plaintiff's Second Amended Complaint is due on January 30, 2026. To the extent Defendants move to dismiss the Second Amended Complaint, Plaintiff's claims may be narrowed or dismissed entirely. The Regents therefore specifically reserve their right to amend these responses and objections based on any order resolving such motion.

of documents that are neither relevant to the claims or defenses of, or relief sought by, any party to this action, nor proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b), nor likely to lead to the discovery of admissible evidence. The Regents are willing to confer with Plaintiff about Electronically Stored Information ("ESI") to be produced based on reasonable lists of search terms, custodians, and sources of ESI to be collected.

2. The Regents have made and will continue to make reasonable efforts to respond to the Requests, subject to their objections, as the Regents understand and interpret each Request. If Plaintiff subsequently asserts any interpretation of any Request that differs from the Regents' interpretation, the Regents reserve the right to supplement and amend their objections and responses.

3. The Regents object to each and every Request to the extent it purports to impose an obligation on the Regents to ascertain information or collect documents that are not within the Regents' possession, custody, or control. The Regents further object to each and every Request to the extent that it purports to impose a duty on the Regents to seek information or documents through something other than a reasonable search of files or locations where potentially responsive materials or information reasonably would be expected to be found. None of these responses, including but not limited to any statement that certain information will be provided or a document will be produced, is an admission relative to the existence of any such information or documents, to the relevance or admissibility of any such information or documents, or to the truth or accuracy of any statement or characterization contained in the Request.

4. The Regents object to each Request and each Definition and Instruction to the extent they attempt to impose burdens or requirements on the Regents that exceed or differ from the requirements of Rules 26 and 34 of the Federal Rules of

Civil Procedure; the Local Rules; the Court's Scheduling Order (ECF No. 47); the forthcoming Stipulated Protective Order between the Parties; any forthcoming agreement between the Parties relating to the discovery of ESI and/or the Court's related order regarding the discovery of ESI; or any other applicable rule or order. The Regents' responses are limited to the scope of discovery set forth therein.

5. The Regents object to any Request that seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity, as well as information that is otherwise subject to confidentiality obligations to a third party. Any such Request has been read to exclude the discovery of such privileged information. Nothing contained in this response is intended to be, or in any way constitutes, a waiver of any such applicable privilege, doctrine, or confidentiality obligation. The inadvertent disclosure by the Regents of information protected from disclosure by any privilege or doctrine shall not constitute a waiver by the Regents of such objections or protections.

6. The Regents object to each and every Request to the extent it seeks the production of documents or the disclosure of information that constitutes or contains confidential, sensitive, or proprietary information. To the extent the Regents agree to produce documents or information that implicate these concerns, the Regents will produce such documents pursuant to the forthcoming Stipulated Protective Order or such other Order or agreement that may govern production in this Action.

7. The Regents object to each and every Request to the extent it seeks the production of documents containing sensitive personal information of or relating to the Regents' employees, applicants, alumni, donors, students, or other third parties who are not also parties to this Action or purported members of Plaintiff. To the extent the Regents agree to produce documents or information that contain such

information, the Regents will produce such documents or disclose such information pursuant to the forthcoming Stipulated Protective Order or such other Order or agreement that may govern production in this Action, and the Regents will redact information that may identify or enable the identification of specific individuals.

8. The Regents object to each and every Request to the extent it requires the Regents to provide such information about applicants or students that is protected from disclosure by state or federal law, including without limitation the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, and the Constitution of the State of California.

9. The Regents object to each and every Request to the extent it seeks information that is publicly available and/or already in the Plaintiff's possession, custody, or control, and is therefore equally available to Plaintiff as to the Regents.

10. The Regents object to each and every Request to the extent it seeks disclosure of information, documents, or things that the Regents are under an obligation to a third party, court order, or other legal obligation not to disclose. Any such responsive information shall be produced only to the extent permitted by state and federal law, and only after complying with any obligations owed by the Regents to third parties.

11. The Regents object to each and every Request to the extent it is duplicative of any other discovery request.

12. The Regents object to each and every Request to the extent it requires the Regents to draw a legal conclusion.

13. The Regents object to each and every Request to the extent it requests "all" documents as overly broad, unduly burdensome, not proportional to the needs of the case, and likely to encompass documents that are not relevant to the claims or defenses of any party.

14. The Regents object to each and every Request to the extent it is argumentative and/or presupposes the accuracy of Plaintiff's allegations. Neither the responses herein, nor the production of any document in response to these Requests, shall serve as an admission as to the accuracy of any statement, characterization, or inference in any Request or any of the allegations in Plaintiff's Complaint.

15. The Regents further reserve the right to object on any ground, including, but not limited to, on the grounds of competency, privilege, relevance, and/or materiality at any time to a demand or request for further responses, as well as the right at any time to review, correct, supplement, or clarify any of the responses contained herein.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1. The Regents object to the definition of "Regents," "you," and "your" as overly broad, unduly burdensome, and vague and ambiguous because it includes "every university, college, school, program, and campus within the University of California system, and any agent or person acting or purporting to act for or on behalf of any university, college, school, program, or campus within the University of California system, whether authorized to do so or not." The Regents further object to the definition because it implicates individuals and entities that are not relevant to any party's claims or defenses and the inclusion of which is not proportional to the needs of the case. The Regents further object to the definition to the extent it includes attorneys, which implicates the attorney-client privilege, the attorney work product doctrine, and other applicable privileges. For purposes of these responses and objections, the Regents refers to the governing board of the University of California system. For avoidance of doubt, for purposes of these responses and

objections, the Regents does not refer to (among other individuals and entities) any individual Regent.

2. The Regents object to the definition of "UC Campus" as vague and ambiguous to the extent that it includes "every … law school within the University of California system." For purposes of these responses and objections, UC Campus refers to the undergraduate school or law school at the following campuses: UC Berkeley, UC Davis, UC Irvine, UC Merced, UC Riverside, UC San Diego, UC Santa Barbara, UC Santa Cruz, and UCLA. For avoidance of doubt, for purposes of these responses and objections, UC Law San Francisco (formerly UC Hastings) is not considered a UC Campus.

3. The Regents object to the definition of "UC" as overly broad, unduly burdensome, and vague and ambiguous. For purposes of these responses and objections, "UC" refers to the University of California.

4. The Regents object to Instruction No. 1 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks documents related to Regents' officers, directors, principals, partners, employees, agents, representatives, consultants, attorneys, accountants, and investigators. The Regents further object on the ground that the Instruction seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to the definition to the extent it includes attorneys, which implicates the attorney-client privilege, the attorney work product doctrine, and other applicable privileges.

5. The Regents object to Instruction No. 4 on the ground that it imposes requirements beyond what is required under the Federal Rules of Civil Procedure, the Local Rules, or any applicable order of the Court, including to the extent it demands disclosure of facts or details not mandated by those rules.

6. The Regents object to Instruction No. 6 on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks "all … copies" of each document. The Regents further object to Instruction No. 6 on the ground that the terms "copy" and "copies" are vague and ambiguous, including because Instruction No. 6 implies that "copies" includes documents not "identical to the original." The Regents further object to Instruction No. 6 on the ground that it is vague and ambiguous, including because the phrase "produce the original of each document and all its copies, if any copy is other than identical to the original, in the order called for in the categories listed below" is vague and ambiguous, including because Instruction No. 6 identifies no "categories listed below."

7. The Regents object to Instruction No. 7 on the ground that it imposes requirements beyond what is required under the Federal Rules of Civil Procedure, the Local Rules, or any applicable order of the Court, including to the extent it demands disclosure of facts or details not mandated by those rules.

8. The Regents object to Instruction No. 8 on the grounds that it is overly broad and unduly burdensome, including to the extent it seeks production of documents in their native format without regard to proportionality, feasibility, or any agreement between the parties. The Regents further object to Instruction No. 8 on the ground that term "where applicable" is vague and ambiguous. Subject to and without waiving these objections, the Regents are willing to meet and confer with Plaintiff regarding an ESI protocol that will govern the format in which documents will be produced.

9. The Regents object to Instruction No. 9 on the ground that it imposes requirements beyond what is required under the Federal Rules of Civil Procedure, the Local Rules, or any applicable order of the Court, including to the extent it

demands disclosure of facts or details not mandated by those rules. The Regents object to Instruction No. 9 on the ground that it is vague and ambiguous, including because the phrase "in the Regents' control, but not in the Regents' possession or custody" is vague and ambiguous. Subject to and without waiving these objections or any General or Specific Objections identified herein, the Regents will produce non-privileged responsive documents, if any, in their possession, custody, or control, found after a reasonable search and consistent with the specific objections and responses to each Request below.

10. The Regents object to Instruction No. 10 on the grounds that the time period of January 1, 2020 through the present is overly broad and unduly burdensome, encompasses documents that are neither relevant to the claims or defenses of, nor the relief sought by, any party to this action nor proportional to the needs of the case, and exceeds the scope of the applicable limitations periods governing Plaintiff's claims. For purposes of these responses and objections, the "Relevant Time Period" refers to January 1, 2022 through the date of the filing of this action, and except as otherwise noted herein, the Regents will produce documents, consistent with the specific objections and responses to each Request below, only from this period.

**SPECIFIC OBJECTIONS AND RESPONSES**

In addition to the foregoing Preliminary Statement, General Objections, and Objections to Definitions and Instructions that are incorporated by reference to each response to Plaintiff's Requests, the Regents make the following specific objections and responses, subject to a reservation of their right to revise, correct, add to, and/or clarify these Responses as appropriate at a later date.

**REQUEST FOR PRODUCTION NO. 1:**

Produce the five databases on University of California undergraduate admissions compiled by Zachary Bleemer during his tenure at the UC Office of the President in the 2010s, as described in Bleemer's publication attached as Exhibit A, including all underlying or incorporated data, source files, and internal or external records used in compiling those databases.

**RESPONSE TO REQUEST NO. 1:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time periods associated with the Request, including "in the 2010s" and the time periods associated with any "databases … described in Bleemer's publication" and any "underlying or incorporated data, source files, and internal or external records," are overly broad, unduly burdensome, and not proportional to the needs of this action, including because they encompass documents and data that are not relevant to the claims or defenses of, or relief sought by, any party to this action and they exceed the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks "all underlying or incorporated data, source files, and internal or external records used in compiling those databases," including because it encompasses documents and data that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that the terms "five databases," "compiled," "in the 2010s," "underlying or incorporated data," "source files," and "internal or external records" are vague and ambiguous. The Regents further object to this Request to the extent it seeks documents and data

outside of its possession, custody, or control or documents that are a matter of public record or otherwise equally accessible to Plaintiff. The Regents further object to this Request because it seeks documents or data underlying or related to a study that the Regents did not commission, conduct, or otherwise carry out. The Regents further object to this Request to the extent it seeks documents and data protected from disclosure by state or federal law, including without limitation FERPA and the Constitution of the State of California. The Regents further object to this Request to the extent it seeks documents and data containing personal information regarding individuals who are not parties to this action. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request No. 2, 5, and 10.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 2:**

All data, databases, or datasets maintained by the University of California that are identical or substantially similar to the Bleemer databases described in Request No. 1, for the period covering undergraduate admissions to all UC campuses from 1994 through approximately 2018.

**RESPONSE TO REQUEST NO. 2:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period from 1994 through approximately 2018 is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it

seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks "all data, databases, or datasets maintained by the University of California that are identical or substantially similar to the Bleemer databases." The Regents further object to this Request on the ground that the terms "identical or substantially similar," "data, databases, or datasets," "Bleemer databases," and "approximately 2018" are vague and ambiguous. The Regents further object to this Request to the extent it seeks documents outside of its possession, custody, or control or documents that are a matter of public record or otherwise equally accessible to Plaintiff. The Regents further object to this Request because it seeks documents or data underlying or related to a study that the Regents did not commission, conduct, or otherwise carry out. The Regents further object to this Request to the extent it seeks documents protected from disclosure by state or federal law, including without limitation FERPA and the Constitution of the State of California, and the Regents object to this Request to the extent it seeks documents containing personal information regarding individuals who are not parties to this action. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request No. 1, 5, and 10.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

For the 2018-19 admissions cycle to present, produce the same categories of data outlined in the Bleemer datasets in the University of California's possession, custody, or control.

**RESPONSE TO REQUEST NO. 3:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period from the 2018-19 admissions cycle to the present is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks documents related to the "same categories of data outlined in the Bleemer datasets." The Regents further object to this Request on the ground that the phrases "same categories of data" and "Bleemer datasets" are vague and ambiguous. The Regents further object to this Request to the extent it seeks documents that are a matter of public record or otherwise equally accessible to Plaintiff. The Regents further object to this Request because it seeks documents or data underlying or related to a study that the Regents did not commission, conduct, or otherwise carry out. The Regents further object to this Request to the extent it seeks documents protected from disclosure by state or federal law, including without limitation FERPA and the Constitution of the State of California. The Regents further object to this Request to the extent it seeks documents containing personal information regarding individuals who are not

parties to this action. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request Nos. 5 and 10.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

All documents sufficient to identify the data fields, variable names, coding conventions, and metadata definitions used in the Bleemer databases and in the University of California's subsequent undergraduate admissions datasets.

**RESPONSE TO REQUEST NO. 4:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period from "the Bleemer databases" is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks all documents sufficient to identify "the data fields, variable names, coding conventions, and metadata definitions." The Regents further object to this Request on the ground that the terms "coding conventions," "metadata definitions," "Bleemer databases," and "the University of California's subsequent undergraduate admissions datasets" are vague and ambiguous. The Regents further object to this Request to the extent it seeks documents outside of its possession, custody, or control or documents that are a matter of public record or

otherwise equally accessible to Plaintiff. The Regents further object to this Request because it seeks documents or data underlying or related to a study that the Regents did not commission, conduct, or otherwise carry out. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request Nos. 5, 8-10, 24, and 27.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

All communications, memoranda, or documents describing the compilation, maintenance, or methodology used by Bleemer or by the University of California in creating, updating, or storing the undergraduate admissions data described in Requests Nos. 1-4.

**RESPONSE TO REQUEST NO. 5:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period from the Bleemer databases is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks "[a]ll communications, memoranda, or documents describing compilation, maintenance, or methodology …." The Regents further object to this Request on the ground that the terms "compilation," "maintenance," "the

undergraduate admissions data described in Requests Nos. 1-4," and "methodology" are vague and ambiguous. The Regents further object to this Request to the extent it seeks documents outside of its possession, custody, or control or documents that are a matter of public record or otherwise equally accessible to Plaintiff. The Regents further object to this Request because it seeks documents or data underlying or related to a study that the Regents did not commission, conduct, or otherwise carry out. The Regents further object to this Request to the extent it seeks documents protected from disclosure by state or federal law, including without limitation FERPA and the Constitution of the State of California. The Regents further object to this Request to the extent it seeks documents containing personal information regarding individuals who are not parties to this action. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request Nos. 1-4, and 8.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Produce all databases on UCLA admissions compiled by Robert Mare for his reports on UCLA admissions attached as Exhibits B and C, including all underlying or incorporated data, source files, and internal or external records used in compiling those databases.

**RESPONSE TO REQUEST NO. 6:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time periods associated with the Request, including 2007 to 2011 encompassed by Exhibits B and C and the time periods associated with any "underlying or incorporated data, source files, and internal or external records," are overly broad, unduly

burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks documents related to "all underlying or incorporated data, source files, and internal or external records," including because it encompasses documents and data that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that the terms "all databases on UCLA admissions," "compiled," "source files," "internal or external records," and "underlying or incorporated data" are vague and ambiguous. The Regents further object to this Request to the extent it seeks documents outside of its possession, custody, or control or documents that are a matter of public record or otherwise equally accessible to Plaintiff. The Regents further object to this Request to the extent it seeks documents protected from disclosure by state or federal law, including without limitation FERPA and the Constitution of the State of California. The Regents further object to this Request to the extent it seeks documents containing personal information regarding individuals who are not parties to this action. The

Regents further object to this Request as cumulative and duplicative of other requests, including at least Request Nos. 7 and 9.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

All data, databases, or datasets that are identical or substantially similar to the Mare databases described in Request No. 6, for the period covering admissions to UCLA from 1994 through the present.

**RESPONSE TO REQUEST NO. 7:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period from 1994 through the present is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks documents related to "[a]ll data, databases, or datasets that are identical or substantially similar to the Mare databases." The Regents further object to this Request on the ground that the phrases "identical or substantially similar" and "the Mare databases" are vague and ambiguous. The Regents further object to this Request to the extent it seeks documents outside of its possession, custody, or control or documents that are a matter of public record or otherwise equally accessible to Plaintiff. The Regents further object to this Request to the

extent it seeks documents protected from disclosure by state or federal law, including without limitation FERPA and the Constitution of the State of California. The Regents further object to this Request to the extent it seeks documents containing personal information regarding individuals who are not parties to this action. The Regents object to this Request as cumulative and duplicative of other requests, including at least Request Nos. 6 and 9.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 8:**

All documents sufficient to identify the data fields, variable names, coding conventions, and metadata definitions used in the Mare databases and in the University of California's undergraduate admissions datasets.

**RESPONSE TO REQUEST NO. 8:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period from "the Mare databases," is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks all documents sufficient to "identify the data fields, variable names, coding conventions, and metadata definitions." The Regents further object to this Request on the ground that the terms "coding conventions", "metadata

definitions," and "the Mare databases" are vague and ambiguous. The Regents further object to this Request to the extent it seeks documents outside of its possession, custody, or control or documents that are a matter of public record or otherwise equally accessible to Plaintiff. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request Nos. 4-5, 9-10, 24, and 27.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 9:**

All communications, memoranda, or documents describing the compilation, maintenance, or methodology used by Mare or by the University of California in creating, updating, or storing the admissions data described in Requests Nos. 6-8.

**RESPONSE TO REQUEST NO. 9:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period from the Mare materials is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks "[a]ll communications, memoranda, or documents describing compilation, maintenance, or methodology..." The Regents further object to this Request on the ground that the terms "compilation," "maintenance," "admissions

data described in Requests Nos. 6-8," and "methodology" are vague and ambiguous. The Regents further object to this Request to the extent it seeks documents outside of its possession, custody, or control or documents that are a matter of public record or otherwise equally accessible to Plaintiff. The Regents further object to this Request to the extent it seeks documents protected from disclosure by state or federal law, including without limitation FERPA and the Constitution of the State of California. The Regents further object to this Request to the extent it seeks documents containing personal information regarding individuals who are not parties to this action. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request Nos. 4, and 6-8.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

All anonymized, individual-level data for applicants to all University of California undergraduate programs from the 1993-94 admissions cycle to the present, including but not limited to the following variables: race, ethnicity, sex, the student's intended major, California residency, the student's "raw" GPA and adjusted "UC" GPA, standardized test scores (including but not limited to SAT and ACT scores), socioeconomic indicators, "holistic review" or "comprehensive review" scores or any type of score meant to assess the overall strength of the application, admissions decision, enrollment status, and any other metric or standard used by undergraduate admissions officers to evaluate applicants and make admissions decisions. For undergraduate campuses that have separate admissions tracks for certain educational programs (e.g., engineering), the degree program sought should also be included in the data produced. Our request for "anonymized"

data allows you to redact, omit, or conceal an applicant's name, social-security number, date of birth, and/or address, but it does not allow you to redact, omit, or conceal any of the variables listed or mentioned in the preceding sentences of this request.

**RESPONSE TO REQUEST NO. 10:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period of 1993-94 admissions cycle to the present is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks data related to "[a]ll anonymized, individual-level data for applicants to all University of California undergraduate programs" and "any other metric or standard used by undergraduate admissions officers to evaluate applicants and make admissions decisions." The Regents further object to this Request on the ground that the terms "anonymized," "socioeconomic indicators," "holistic review," "comprehensive review," "student's 'raw' GPA," "adjusted 'UC' GPA," "admissions tracks," "educational programs," "degree program," and "any other metric or standard" are vague and ambiguous. The Regents further object to this Request to the extent it seeks documents protected from disclosure by state or federal law, including without limitation FERPA and the Constitution of the State of California. The Regents further object to this Request to the extent it seeks documents containing personal information regarding individuals who are

not parties to this action. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request Nos. 1-3, 4, 8, and 12.

Subject to and without waiving the foregoing General and Specific Objections, the Regents are willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 11:**

All anonymized, individual-level data for applicants to all University of California law schools from the 2015-16 admissions cycle to present, including but not limited to the following variables: race, ethnicity, sex, California residency, undergraduate institution, GPA, standardized test scores (including but not limited to SAT, ACT, and LSAT scores), socioeconomic indicators, "holistic review" or "comprehensive review" scores or any type of score meant to assess the overall strength of the application, admissions decision, enrollment status, and any other metric or standard used by law-school admissions officers to evaluate applicants and make admissions decisions. When applicants have applied to a specific program offered by the law school (e.g., Critical Race Studies or Public Interest at UCLA), that program should also be identified in the individual record. Our request for "anonymized" data allows you to redact, omit, or conceal an applicant's name, social-security number, date of birth, and/or address, but it does not allow you to redact, omit, or conceal any of the variables listed or mentioned in the preceding sentences of this request.

**RESPONSE TO REQUEST NO. 11:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period of the 2015-16 admissions cycle to the present is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses

documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks data related to "[a]ll anonymized, individual-level data for applicants to all University of California law schools" and "any other metric or standard used by law-school admissions officers to evaluate applicants and make admissions decisions." The Regents further object to this Request on the ground that the terms "anonymized," "socioeconomic indicators," "holistic review," "comprehensive review," "specific program offered," and "any other metric or standard" are vague and ambiguous. The Regents object to this Request to the extent it seeks documents protected from disclosure by state or federal law, including without limitation FERPA and the Constitution of the State of California. The Regents further object to this Request to the extent it seeks documents containing personal information regarding individuals who are not parties to this action.

Subject to and without waiving the foregoing General and Specific Objections, the Regents are willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 12:**

All aggregate reports, spreadsheets, tables, or dashboards showing admissions and enrollments by race, ethnicity, or sex, for each UC campus during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 12:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period is

overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks data related to "[a]ll aggregate reports, spreadsheets, tables, or dashboards." The Regents further object to this Request on the ground that the terms "reports, spreadsheets, tables, or dashboards" are vague and ambiguous. The Regents further object to this Request to the extent it seeks documents outside of its possession, custody, or control or documents that are a matter of public record or otherwise equally accessible to Plaintiff. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request Nos. 10-11.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 13:**

For all UC undergraduate campuses, all individual-level datasets or records reflecting student academic outcomes by race or ethnicity, including first-year GPA, whether the student graduated from the campus, and if so, the number of quarters or semesters required to graduate, the student's graduation major or, if the student did not graduate, the student's major at the time of separation from the campus; whether the student transferred to another UC campus, and if so, whether that student graduated and the number of quarters or semesters to graduation and the cumulative GPA at the time of graduation; whether that student transferred to a school outside the UC system, and the name of the school to which the student transferred (if known).

**RESPONSE TO REQUEST NO. 13:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request on the ground that the time period is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks documents related to "all individual-level datasets or records reflecting student academic outcomes by race or ethnicity" and numerous other variables. The Regents further object to this Request on the ground that the term "academic outcomes" is vague and ambiguous. The Regents further object to this Request to the extent it seeks documents protected from disclosure by state or federal law, including without limitation FERPA and the Constitution of the State of California. The Regents further object to this Request to the extent it seeks documents containing personal information regarding individuals who are not parties to this action.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

For all UC law school campuses, all individual-level datasets or records reflecting student academic outcomes by race or ethnicity, including first-year GPA, whether the student graduated, and if so number of semesters to graduation, whether the student transferred to another law school, and if so, the name of that law school,

whether the student took the California bar exam, and if so whether the student passed the exam on the first attempt, and any other information maintained by the school on subsequent attempts to pass the California bar, and the outcome of those attempts, and attempts to pass the bar in other states, and the outcomes of those attempts, and the student's employment status after graduation.

**RESPONSE TO REQUEST NO. 14:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request on the ground that the time period is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks documents related to "all individual-level datasets or records reflecting student academic outcomes by race or ethnicity" and numerous other variables. The Regents further object to this Request on the ground that the term "academic outcomes" is vague and ambiguous. The Regents further object to this Request to the extent it seeks documents outside of its possession, custody, or control or documents that are a matter of public record or otherwise equally accessible to Plaintiff. The Regents further object to this Request to the extent it seeks documents protected from disclosure by state or federal law, including without limitation FERPA and the Constitution of the State of California. The Regents further object to this Request

to the extent it seeks documents containing personal information regarding individuals who are not parties to this action.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

All documents, policies, rubrics, manuals, trainings, or informal processes used by any UC campus from 2006 to present, in undergraduate admissions or law-school admissions, that describe how applications are to be evaluated, scored, or weighted, including any materials explaining "holistic" or "comprehensive" review processes.

**RESPONSE TO REQUEST NO. 15:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period from 2006 to the present is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks "[a]ll documents, policies, rubrics, manuals, trainings, or informal processes used by any UC campus []in undergraduate or law-school admissions." The Regents further object to this Request on the ground that the

terms "informal processes," "holistic," and "comprehensive review processes" are vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, the Regents will produce non-privileged documents, if any, in their possession, custody, or control, found after a reasonable search, responsive to Request No. 15 from the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 16:**

All communications from 1996 to the present between admissions staff at any UC admissions office that discuss the admissions evaluation process, how to create a "holistic" or "comprehensive" rating, or discussion of admissions relating to an Underrepresented Minority or a "URM."

**RESPONSE TO REQUEST NO. 16:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period from 1996 to the present is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks "[a]ll communications [] between admissions staff at any UC admissions office." The Regents further object to this Request on the ground that the terms "admissions evaluation process," "holistic," "comprehensive rating," "Underrepresented Minority," and "URM" are vague and ambiguous. The Regents

further object to this Request as cumulative and duplicative of other requests, including at least Request No. 32.

Subject to and without waiving the foregoing General and Specific Objections, the Regents will produce non-privileged documents, if any, in their possession, custody, or control, found after a reasonable search, responsive to Request No. 16 from the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 17:**

All responses, correspondence, or internal memoranda concerning or relating to Public Records Act or Freedom of Information Act requests seeking UC admissions or outcomes data, including requests by Professors Timothy Groseclose, Richard Sander, or others.

**RESPONSE TO REQUEST NO. 17:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request on the ground that the terms "UC admissions or outcomes data" are vague and ambiguous. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks documents related to "[a]ll responses, correspondence, or internal memoranda concerning or relating to Public Records Act or Freedom of Information Act requests." The Regents further object to this

Request to the extent it seeks documents outside of its possession, custody, or control or documents that are a matter of public record or otherwise equally accessible to Plaintiff. The Regents further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the joint-defense or common-interest privilege, and/or any other applicable privilege or immunity.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 18:**

All documents describing UC's policies, procedures, or internal communications governing the publication, withholding, or anonymization of admissions-related data, whether originating from the UC system at large, or at individual UC campus.

**RESPONSE TO REQUEST NO. 18:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request on the ground that the terms "policies," "procedures," "internal communications," "publication," "withholding," and "anonymization" are vague and ambiguous. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the

extent it seeks "policies, procedures, or internal communications" related to UC system-wide and campus-specific practices governing admissions-related data. The Regents further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the joint-defense or common-interest privilege, and/or any other applicable privilege or immunity. The Regents further object to the extent it seeks documents containing personal information regarding individuals who are not parties to this action.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 19:**

All internal or external analyses, reports, audits, or reviews concerning racial or ethnic disparities in admissions outcomes, including documents that identify the authors, recipients, and dates of such analyses, reports, audits, or reviews.

**RESPONSE TO REQUEST NO. 19:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that the terms "analyses," "reports," "audits," "reviews," and "racial or ethnic disparities" are vague and ambiguous. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks documents related to "[a]ll internal or external analyses, reports, audits, or reviews concerning

racial or ethnic disparities in admissions outcomes." The Regents further object to this Request to the extent it seeks documents outside of its possession, custody, or control or documents that are a matter of public record or otherwise equally accessible to Plaintiff. The Regents further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the joint-defense or common-interest privilege, and/or any other applicable privilege or immunity. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request Nos. 40 and 42.

Subject to and without waiving the foregoing General and Specific Objections, the Regents will produce non-privileged documents, if any, in their possession, custody, or control, found after a reasonable search, responsive to Request No. 19 from the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 20:**

All internal reports, analyses, or statistical studies that mention, pertain, or relate to the racial composition of UC applicants and admitted students, or the effects of Proposition 209 upon the composition of UC applicants and admitted students, from 2003 to present.

**RESPONSE TO REQUEST NO. 20:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period of 2003 to the present is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that the terms "reports,"

"analyses," "statistical studies," "racial composition," and "effects of Proposition 209" are vague and ambiguous. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks documents related to "[a]ll internal reports, analyses, or statistical studies that mention, pertain, or relate to the racial composition of UC applicants and admitted students." The Regents further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the joint-defense or common-interest privilege, and/or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General and Specific Objections, the Regents are willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 21:**

All communications and reports authored by or exchanged with researchers or consultants (including Robert Mare, Danny Yagan, Richard Sander, and other researchers or consultants) analyzing UC admissions data.

**RESPONSE TO REQUEST NO. 21:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request on the ground that the terms "communications,"

"reports," "researchers or consultants," and "analyzing UC admissions data" are vague and ambiguous. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks documents related to "[a]ll communications and reports authored by or exchanged with researchers or consultants." The Regents further object to this Request to the extent it seeks documents outside of its possession, custody, or control or documents that are a matter of public record or otherwise equally accessible to Plaintiff. The Regents further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the joint-defense or common-interest privilege, and/or any other applicable privilege or immunity. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request No. 22 and 34.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 22:**

All communications between UC Campuses and any outside consultants, advocacy organizations, or government entities between January 1, 2006, and the present regarding UC's student admissions policies.

**RESPONSE TO REQUEST NO. 22:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request on the ground that the time period of January 1, 2006, to the present is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief

sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that the terms "communications," "outside consultants," "advocacy organizations," "government entities," and "student admissions policies" are vague and ambiguous. The Regents further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the joint-defense or common-interest privilege, and/or any other applicable privilege or immunity. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks documents related to "[a]ll communications between UC Campuses and any outside consultants, advocacy organizations, or government entities." The Regents further object to this Request to the extent it seeks documents outside of its possession, custody, or control or documents that are a matter of public record or otherwise equally accessible to Plaintiff. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request No. 21 and 34.

Subject to and without waiving the foregoing General and Specific Objections, the Regents will produce non-privileged documents, if any, in their possession, custody, or control, found after a reasonable search, responsive to Request No. 22 from the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 23:**

All communications, directives, or reports that mention, pertain, or relate to changes to admissions practice or diversity initiatives adopted on or after January 1, 2006, including any discussion of preferences for black or Hispanic or Native American applicants and any discussion of the effect of removing the SAT from

undergraduate admissions decisions upon the racial or socioeconomic composition of UC applicants or admits.

**RESPONSE TO REQUEST NO. 23:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request on the ground that the time period of January 1, 2006, to the present is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks documents related to "[a]ll communications, directives, or reports that mention, pertain, or relate to changes to admissions practice or diversity initiatives." The Regents further object to this Request on the ground that the terms "diversity initiatives" and "directives" are vague and ambiguous. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request No. 28, 29, and 32.

Subject to and without waiving the foregoing General and Specific Objections, the Regents will produce non-privileged documents, if any, in their possession, custody, or control, found after a reasonable search, responsive to Request No. 23 from the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 24:**

All data dictionaries, codebooks, or technical documentation necessary to interpret the datasets produced in response to these Requests.

**RESPONSE TO REQUEST NO. 24:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request on the ground that the terms "data dictionaries," "codebooks," and "technical documentation" are vague and ambiguous. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request Nos. 4, 8, and 27.

Subject to and without waiving the foregoing General and Specific Objections, the Regents are willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to show the data custodians, systems, and databases used to store admissions and outcomes data for each UC Campus (e.g., Slate, UC Application Portal, Student Information System).

**RESPONSE TO REQUEST NO. 25:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further

object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request on the ground that the terms "data custodians," "systems," "databases," and "outcomes data" are vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, the Regents are willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 26:**

All communications, memoranda, or reports to or from the UC Office of the President, the Board of Regents, or any UC Chancellor's Office, that mention, pertain, or relate to oversight, compliance, or monitoring of Proposition 209 or Title VI requirements in admissions.

**RESPONSE TO REQUEST NO. 26:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the joint-defense or common-interest privilege, and/or any other applicable privilege or immunity. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks "[a]ll communications, memoranda, or reports" that "mention, pertain, or

relate to" the subject matter. The Regents further object to this Request on the ground that the term "pertain" is vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, the Regents will produce non-privileged documents, if any, in their possession, custody, or control, found after a reasonable search, responsive to Request No. 26 from the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 27:**

Documents sufficient to show all fields or variables included in any datasets produced in response to any of these Requests.

**RESPONSE TO REQUEST NO. 27:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that the terms "fields" and "variables" are vague and ambiguous. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request to the extent it seeks documents outside of its possession, custody, or control. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request Nos. 4, 8, and 24.

Subject to and without waiving the foregoing General and Specific Objections, the Regents are willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 28:**

All communications by or among UC employees or agents that mention, pertain, or relate to any adjustments made to the admissions criteria for any particular racial or ethnic groups or subsets of racial or ethnic groups.

**RESPONSE TO REQUEST NO. 28:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks "[a]ll communications by or among UC employees or agents that mention, pertain ..." to the subject matter. The Regents further object to this Request on the ground that the terms "adjustments" and "pertain" are vague and ambiguous. The Regents further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the joint-defense or common-interest privilege, and/or any other applicable privilege or immunity. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request No. 23, 29, and 32.

Subject to and without waiving the foregoing General and Specific Objections, the Regents will produce non-privileged documents, if any, in their possession, custody, or control, found after a reasonable search, responsive to Request No. 28 from the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 29:**

All communications by or among UC employees or agents that mention, pertain, or relate to any changes made to (or refusals to change) UC admissions practices or policies in light of U.S. Supreme Court decisions.

**RESPONSE TO REQUEST NO. 29:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks "[a]ll communications… that mention, pertain" to this Request. The Regents further object to this Request on the ground that the terms "changes" and "pertain" are vague and ambiguous. The Regents object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the joint-defense or common-interest privilege, and/or any other applicable privilege or immunity. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request Nos. 23 and 28.

Subject to and without waiving the foregoing General and Specific Objections, the Regents will produce non-privileged documents, if any, in their possession, custody, or control, found after a reasonable search, responsive to Request No. 29 from the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 30:**

Any documents from January 1, 2006, to the present that mention, pertain, or relate to efforts of UC undergraduate or law-school campuses to identify or recruit based upon an applicant's or his family's household income, wealth, or other socioeconomic factor.

**RESPONSE TO REQUEST NO. 30:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period of January 1, 2006, to the present is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that the terms "efforts," "recruit," and "socioeconomic factor" are vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, the Regents will produce non-privileged documents, if any, in their possession, custody, or control, found after a reasonable search, responsive to Request No. 30 from the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 31:**

All documents that mention, pertain, or relate to any deviation, exceptions, or departures made by any UC undergraduate program or law school from its published admissions criteria from January 1, 2006, to the present.

**RESPONSE TO REQUEST NO. 31:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period of January 1, 2006, to the present is overly broad, unduly burdensome, and not

proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request on the ground that the terms "deviation," "exceptions," "published admissions criteria," and "departures" are vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, the Regents will produce non-privileged documents, if any, in their possession, custody, or control, found after a reasonable search, responsive to Request No. 31 from the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 32:**

All documents that mention, pertain, or relate to the comparison of two or more individual applicants for admission to any UC undergraduate program or law school as part of the admission decision-making process from January 1, 2006, to the present.

**RESPONSE TO REQUEST NO. 32:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period of January 1, 2006, to the present is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought

by, any party to this action. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks documents related to "comparisons of two or more individual applicants for admission to any UC undergraduate program or law school." The Regents further object to this Request on the ground that the phrases "the comparison of two or more individual applicants for admission" and "admission decision-making process" are vague and ambiguous. The Regents further object to this Request to the extent it seeks documents protected from disclosure by state or federal law, including without limitation FERPA and the Constitution of the State of California. The Regents further object to this Request to the extent it seeks documents containing personal information regarding individuals who are not parties to this action. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request Nos. 16, 23, and 28.

In light of the foregoing General and Specific Objections, the Regents will not separately search for documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 33:**

All certifications or reports to the United States government or any State or political subdivision that mention, pertain, or relate to the use of race in the admissions process at any UC undergraduate program or law school during the Relevant Time Period.

**RESPONSE TO REQUEST NO. 33:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*
*UNDER FORTHCOMING STIPULATED PROTECTIVE ORDER*

object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request on the ground that the terms "certifications" and "reports" are vague and ambiguous. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks documents related to "[a]ll certifications or reports" to government entities.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 34:**

All communications with testing services, college boards, accreditation bodies, educational associations, ratings providers, secondary schools, government authorities, or non-governmental organizations ("NGOs") during the Relevant Time Period that mention, pertain, or relate to the use of race in the admissions process at any UC undergraduate program or law school, or that mention, pertain, or relate to the racial composition of applicants, admitted students, and enrolled students at any UC undergraduate program or law school.

**RESPONSE TO REQUEST NO. 34:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the joint-defense or common-interest privilege, and/or any other applicable privilege or immunity.

The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case. The Regents further object to this Request to the extent it seeks documents outside of its possession, custody, or control. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request No. 21 and 22.

Subject to and without waiving the foregoing General and Specific Objections, the Regents refer Plaintiff to their response to Request No. 22.

**REQUEST FOR PRODUCTION NO. 35:**

All documents concerning any complaint received by any UC undergraduate program or law school that mention, pertain, or relate to the use of race in your admissions process during the Relevant Time Period, including (but not limited to) documents concerning the investigation and resolution of any complaint.

**RESPONSE TO REQUEST NO. 35:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request as overly broad and unduly burdensome, not relevant to any party's claims or defenses, and as not proportional to the needs of this case, including to the extent that it is not limited in time and seeks information relating to "[a]ll documents" regarding "any complaint" about use of race in the admissions process, "including documents concerning the investigation and resolution of any complaint." The Regents further object to this Request on the ground that the term "complaint" is vague and ambiguous. The Regents further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client

privilege, the attorney work-product doctrine, the joint-defense or common-interest privilege, and/or any other applicable privilege or immunity.

Subject to and without waiving the foregoing General and Specific Objections, the Regents are willing to meet and confer with Plaintiffs regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 36:**

All reports, analyses, surveys, or other reviews or assessments prepared by UC employees or agents from January 1, 2006, to the present that mention, pertain, or relate to race-neutral alternatives to admissions policies.

**RESPONSE TO REQUEST NO. 36:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request on the ground that the time period of January 1, 2006, to the present is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request on the ground that the terms "analyses," "surveys," "reviews," and "assessments," and the phrase "race-neutral alternatives to admissions policies" are vague and ambiguous. The Regents further object to this Request to the extent that it implies that any undergraduate or law school at any UC campus use or have used non-race-neutral admission policies since Proposition 209 took effect.

Subject to and without waiving the foregoing General and Specific Objections, the Regents will produce non-privileged documents, if any, in their possession, custody, or control, found after a reasonable search, responsive to Request No. 36 from the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 37:**

All documents from each admissions cycle at each UC undergraduate program or law school from January 1, 2006, to the present sufficient to show that UC considered and determined that no workable race-neutral alternatives would produce the educational benefits of racial diversity.

**RESPONSE TO REQUEST NO. 37:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period of January 1, 2006, to the present is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that the phrases "considered and determined," "workable race-neutral alternatives," and "educational benefits" are vague and ambiguous. The Regents further object to this Request to the extent it calls for a legal conclusion. The Regents further object to this Request to the extent that it implies that any undergraduate or law school at

any UC campus use or have used non-race-neutral admission policies since Proposition 209 took effect.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 38:**

All documents that mention, pertain, or relate to UC's ranking, weighting, and evaluation of secondary schools or high schools from January 1, 1998, to the present and any documents sufficient to show how you arrived at such rankings, weightings, and evaluations.

**RESPONSE TO REQUEST NO. 38:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period of January 1, 1998, to the present is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks documents related to "UC's rankings, weightings, and evaluation of secondary schools or high schools." The Regents further object to this Request on the ground that the terms "ranking," "weighting," and "evaluation" are vague and ambiguous.

Subject to and without waiving the foregoing General and Specific Objections, the Regents will produce non-privileged documents, if any, in their possession, custody, or control, found after a reasonable search, responsive to Request No. 38 from the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 39:**

All UC forms, policies, rules, guidelines or standards from January 1, 2006, to the present by any UC undergraduate program or law school for classifying or describing the race of applicants for admission.

**RESPONSE TO REQUEST NO. 39:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period of January 1, 2006, to the present is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that the terms "forms," "policies," "rules," "guidelines," and "standards" are vague and ambiguous. The Regents further object to this Request to the extent it implies that any UC undergraduate program or law school set policies, rules, guidelines, or standards for classifying or describing the race of applicants for admissions. Such policies, rules, guidelines, or standards are set and required by the Integrated Postsecondary Education Data System.

Subject to and without waiving the foregoing General and Specific Objections, the Regents will produce non-privileged documents, if any, in their possession, custody, or control, found after a reasonable search, responsive to Request No. 39 from the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 40:**

All documents, reports, studies, or analyses that mention, pertain, or relate to the probability of admission to UC undergraduate programs or law schools based on identifiable characteristics, including, but not limited to, GPA, test scores, athlete,

sex or gender, race, ethnicity, geography, first-generation status, or any other identifiable characteristic considered in an admissions decision.

**RESPONSE TO REQUEST NO. 40:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request on the ground that the term "identifiable characteristics" is vague and ambiguous. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request Nos. 19 and 42.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 41:**

For all UC undergraduate programs and law schools, all documents, reports, studies, or analyses concerning the educational performance of students (including, but not limited to, GPA, fields of study, and concentrations) on the basis of race, ethnicity, or first-generation status.

**RESPONSE TO REQUEST NO. 41:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or

defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request on the ground that the term "educational performance" is vague and ambiguous.

In light of the foregoing General and Specific Objections, the Regents will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 42:**

For all UC undergraduate programs or law schools, all internal or external analyses, reports, audits, or reviews concerning racial or ethnic disparities in admissions outcomes, including all documents identifying the authors, recipients, and dates of such analyses.

**RESPONSE TO REQUEST NO. 42:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the joint-defense or common-interest privilege, and/or any other applicable privilege or immunity. The Regents further object to this Request as cumulative and duplicative of other requests, including at least Request Nos. 19 and 40.

Subject to and without waiving the foregoing General and Specific Objections, the Regents will produce non-privileged documents, if any, in their possession, custody, or control, found after a reasonable search, responsive to Request No. 42 from the Relevant Time Period.

**REQUEST FOR PRODUCTION NO. 43:**

All documents and communications that mention, pertain, or relate to the work of the Senate-Administration Working Group on Admissions (SAWG) at UC San Diego in preparing the report attached as Exhibit D.

**RESPONSE TO REQUEST NO. 43:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks "[a]ll documents and communications" related to the referenced working group.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 44:**

All documents and communications that mention, pertain, or relate to the racial or ethnic makeup of the students at UC San Diego with "insufficient math

preparation," as described in the report of the Senate-Administration Working Group on Admissions (SAWG) at UC San Diego attached as Exhibit D.

**RESPONSE TO REQUEST NO. 44:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time period is overly broad, unduly burdensome, and not proportional to the needs of this action, including because it encompasses documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and it exceeds the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks "[a]ll documents and communications" related to the referenced working group. The Regents further object to this Request to the extent it seeks documents protected from disclosure by state or federal law, including without limitation FERPA and the Constitution of the State of California. The Regents further object to the extent it seeks documents containing personal information regarding individuals who are not parties to this action.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

[SIGNATURE PAGE FOLLOWS]

Dated: January 22, 2026

Respectfully submitted,

<u>*/s/ Felicia H. Ellsworth*</u>
Felicia H. Ellsworth
(admitted *pro hac vice*)

WILMER CUTLER PICKERING
HALE AND DORR LLP
Debo P. Adegbile (admitted *pro hac vice*)
Michael S. Crafts (admitted *pro hac vice*)
debo.adegbile@wilmerhale.com
michael.crafts@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-295-8800

Felicia H. Ellsworth (admitted *pro hac vice*)
felicia.ellsworth@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: 617-526-6000

Joshua A. Vittor (CA Bar No. 326221)
joshua.vittor@wilmerhale.com
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Telephone: 213-443-5300

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2026, I caused true and correct copies of the foregoing document to be served on the following counsel in the manner indicated:

**VIA E-MAIL**

Ryan T. Giannetti (PHV)
America First Legal
ryan.giannetti@aflegal.org
611 Pennsylvania Ave SE, Suite 231
Washington, DC 20003
Ryan.Giannetti@AFLegal.org
(651) 402-3821

**VIA E-MAIL**

Jonathan F. Mitchell (PHV)
Mitchell Law PLLC
jonathan@mitchell.law
111 Congress Avenue, Suite 400
Austin, TX 78701
jonathan@mitchell.law
(512) 686-3940

**VIA E-MAIL**

William J. Brown , Jr. (SBN 192950)
Brown Wegner LLP
bill@brownwegner.com
2010 Main Street Suite 1260
Irvine, CA 92614
bill@brownwegner.com
(949) 705-0080

*/s/ Michael S. Crafts*
Michael S. Crafts (admitted *pro hac vice*)