# EXHIBIT 4

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*
*UNDER FORTHCOMING STIPULATED PROTECTIVE ORDER*

WILMER CUTLER PICKERING
HALE AND DORR LLP
Debo P. Adegbile (admitted *pro hac vice*)
Michael S. Crafts (admitted *pro hac vice*)
debo.adegbile@wilmerhale.com
michael.crafts@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-295-8800

Felicia H. Ellsworth (admitted *pro hac vice*)
felicia.ellsworth@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: 617-526-6000

Joshua A. Vittor (CA Bar No. 326221)
joshua.vittor@wilmerhale.com
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Telephone: 213-443-5300

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STUDENTS AGAINST RACIAL DISCRIMINATION,<br><br>*Plaintiff*,<br>v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA et al.,<br><br>*Defendants*. | Case No. 8:25-cv-00192-JWH-JDE<br><br>**Defendant The Regents of the University of California's Responses and Objections to Plaintiff's Second Set of Requests for Production (Nos. 45-46)** |

Pursuant to Rule 26 and 34 of the Federal Rules of Civil Procedure, and Rule 34 of the Local Rules for the United States District Court for the Central District of California ("Local Rules"), Defendant the Regents of the University of California (the "Regents"), by and through its undersigned counsel, hereby responds and objects to Plaintiff's Second Set of Requests for Production (the "Requests" and each a "Request") (Nos. 45-46), dated December 24, 2025. These responses and objections are made without prejudice to the Regents' right to assert additional, amended, or supplemental responses or objections pursuant to Rule 26(e).[1]

**GENERAL OBJECTIONS AND**

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

The Regents incorporate by reference each of the General Objections and each of the Objections to Definitions and Instructions set forth in the Regents' Responses and Objections to Plaintiff's First Set of Requests for Production (Nos. 1-44) dated January 22, 2026. By providing these responses, the Regents do not intend to and do not waive any of its General Objections, any of its Objections to Definitions and Instructions, or any Specific Objection with respect to any Request. The Regents' General Objections and Objections to Definitions and Instructions apply to each Request in Plaintiff's Second Set of Requests for Production.

**SPECIFIC OBJECTIONS AND RESPONSES**

In addition to the foregoing Preliminary Statement, General Objections, and Objections to Definitions and Instructions that are incorporated by reference to each response to Plaintiff's Requests, the Regents make the following specific

[1] The Regents hereby reiterate their position that discovery is premature. The response of Defendants, including the Regents, to Plaintiff's Second Amended Complaint is due on January 30, 2026. To the extent Defendants move to dismiss the Second Amended Complaint, Plaintiff's claims may be narrowed or dismissed entirely. The Regents therefore specifically reserve their right to amend these responses and objections based on any order resolving such motion.

objections and responses, subject to a reservation of their right to revise, correct, add to, and/or clarify these Responses as appropriate at a later date.

**REQUEST FOR PRODUCTION NO. 45:**

Produce all studies conducted in the past ten years by UC faculty and staff concerning the performance of undergraduate students. We previously requested that UC produce the recent (2025) UCSD study of undergraduate preparedness, and the data and analysis used to generate that report. Another example that we recently learned of is "Academic Difficulty at Berkeley: An Overview," by Noah Bender, a historian at Berkeley. Please provide us with a copy of the Bender study, and the data and analysis underlying that study. We are seeking the same type of production for all analogous studies produced at any UC campus, or at the central administrative offices of the university, from 2015 to the present.

**RESPONSE TO REQUEST NO. 45:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time periods of "the past ten years" and "from 2015 to the present" are overly broad, unduly burdensome, and not proportional to the needs of this action, including because they encompass documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and they exceed the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks "all" studies. The Regents further object to this Request on the ground that the terms "performance of undergraduate students," "data and analysis underlying [the Bender] study," and "analogous

studies" are vague and ambiguous. The Regents further object to this Request to the extent it seeks documents outside of its possession, custody, or control or documents that are a matter of public record or otherwise equally accessible to Plaintiff. The Regents further object to this Request to the extent it seeks documents protected from disclosure by state or federal law, including without limitation FERPA and the Constitution of the State of California. The Regents further object to this Request to the extent it seeks documents containing personal information regarding individuals who are not parties to this action.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

**REQUEST FOR PRODUCTION NO. 46:**

Produce all internal studies conducted by faculty or staff at UC law schools over the past twenty years concerning student performance at law school or on the bar exam. For example, on January 20, 2011, UCLA Law School Dean Rachel Moran received a report from Dr. Joe Doherty entitled "Bar Passage Study." On November 22, 2006, UCLA Law School Dean Michael Schill received a report from Dr. Tom Skewes-Cox entitled "Bar Passage." Both of these memos were produced to Richard Sander in heavily redacted form in response to a 2011 FOIA request that he submitted to the university. Please produce the unredacted versions of these memos, along with the databases used to generate them. And please provide any analogous report produced by any of the UC law schools from January 1, 2006, to the present.

**RESPONSE TO REQUEST NO. 46:**

In addition to and specifically incorporating the foregoing General Objections, the Regents object to this Request on the ground that the time periods of "over the past twenty years" and "from January 1, 2006, to the present" are

overly broad, unduly burdensome, and not proportional to the needs of this action, including because they encompass documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action and they exceed the applicable limitations periods governing Plaintiff's claims. The Regents further object to this Request on the ground that it seeks documents that are not relevant to the claims or defenses of, or relief sought by, any party to this action. The Regents further object to this Request as overly broad, unduly burdensome, and not proportional to the needs of this case, including to the extent it seeks documents related to "all" studies. The Regents further object to this Request on the ground that the terms "student performance," "databases used to generate" certain reports, and "any analogous report" are vague and ambiguous. The Regents further object to this Request to the extent it seeks documents outside of its possession, custody, or control or documents that are a matter of public record or otherwise equally accessible to Plaintiff. The Regents further object to this Request to the extent it seeks documents protected from disclosure by state or federal law, including without limitation FERPA and the Constitution of the State of California. The Regents further object to this Request to the extent it seeks documents containing personal information regarding individuals who are not parties to this action.

In light of the foregoing General and Specific Objections, the Regents will not produce documents or data in response to this Request.

[SIGNATURE PAGE FOLLOWS]

Dated: January 23, 2026

Respectfully submitted,

/s/ *Felicia H. Ellsworth*
Felicia H. Ellsworth
(admitted *pro hac vice*)

WILMER CUTLER PICKERING
HALE AND DORR LLP
Debo P. Adegbile (admitted *pro hac vice*)
Michael S. Crafts (admitted *pro hac vice*)
debo.adegbile@wilmerhale.com
michael.crafts@wilmerhale.com
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: 212-295-8800

Felicia H. Ellsworth (admitted *pro hac vice*)
felicia.ellsworth@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: 617-526-6000

Joshua A. Vittor (CA Bar No. 326221)
joshua.vittor@wilmerhale.com
350 South Grand Avenue
Suite 2400
Los Angeles, CA 90071
Telephone: 213-443-5300

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2026, I caused true and correct copies of the foregoing document to be served on the following counsel in the manner indicated:

**VIA E-MAIL**

Ryan T. Giannetti (PHV)
America First Legal
ryan.giannetti@aflegal.org
611 Pennsylvania Ave SE, Suite 231
Washington, DC 20003
Ryan.Giannetti@AFLegal.org
(651) 402-3821

**VIA E-MAIL**

Jonathan F. Mitchell (PHV)
Mitchell Law PLLC
jonathan@mitchell.law
111 Congress Avenue, Suite 400
Austin, TX 78701
jonathan@mitchell.law
(512) 686-3940

**VIA E-MAIL**

William J. Brown , Jr. (SBN 192950)
Brown Wegner LLP
bill@brownwegner.com
2010 Main Street Suite 1260
Irvine, CA 92614
bill@brownwegner.com
(949) 705-0080

*/s/ Michael S. Crafts*
Michael S. Crafts (admitted *pro hac vice*)