# EXHIBIT 6

**William Brown**

**From:** Jonathan Mitchell <jonathan@mitchell.law>
**Sent:** Wednesday, February 18, 2026 1:26 PM
**To:** Crafts, Michael; Ellsworth, Felicia H; Adegbile, Debo; Vittor, Joshua; Hogue, Sharon Kelleher
**Cc:** William Brown; Ryan Giannetti; Laura Stell; Madison Brown; Nick Barry
**Subject:** discovery disputes in SARD v. Regents, 8:25-cv-00192 (C.D. Cal.)

Counsel:

Thank you for taking time to meet and confer with us on Thursday, February 12. We have considered your arguments and are willing to recede on some of the matters that we discussed. Our current position on the RFPs is as follows:

**RFPs Nos. 1–5**: We have no interest in obtaining irrelevant data entries that appear the Bleemer databases. So please tell us which categories of data entires you regard as irrelevant to the parties' claims or defenses, and we can agree to exclude those if they are indeed irrelevant.

We also have no interest in obtaining or disclosing personal information of individual applicants. So we can agree to exclude or anonymize data such as names, social-security numbers, dates of birth, street addresses, and other identifiable information, or we can agree to a protective order that will shield this information from disclosure.

We will not, however, withdraw our request for these databases. They are clearly relevant to our claims and producing them will not be burdensome. If you insist on categorically withholding these databases, then we will file a motion to compel.

**RFPs Nos. 6–9**: As with the Bleemer databases, we have no interest or desire to obtain or disclose personal information of individual applicants. So we can and should be able to reach an agreement that excludes or anonymizes data such as names, social-security numbers, dates of birth, street addresses, and other identifiable information, or we can agree to a protective order that will shield this information from disclosure.

But we will not withdraw our request for the Mare databases. The Mare report investigated whether race was being used as a factor in admissions at UCLA and it found that it was. He examined five admissions cycles in which UCLA reintroduced race after being unhappy about the racial composition of the student body in the wake of Proposition 209. This is obviously relevant to our claims. And it will not be burdensome to produce.

Mare also found ways to control for nearly every conceivable factor apart from race (my understanding is that there were more 100 controls that he used). Once we have that report, we can use the variables that he used to control for other factors in the admissions data.

We should work together and reach agreement on how we can protect the personal information of individual applicants. But if you insist on withholding the Mare databases in their entirety, then we will file a motion to compel.

**RFPs Nos. 10–11**: We are entitled to obtain admissions data, and I understand our disagreement to pertain only to the relevant window of time. The claim as narrated in our complaint explains why we need admissions data that pre-date the enactment of Proposition 209.

We have alleged that the universities were using racial preferences before the enactment of Proposition 209, stopped after the enactment of Proposition 209, and began reintroducing the use of illegal racial preferences in 2003 and 2006 after the universities were unhappy with the racial composition produced by colorblind admissions. Our claim is that the use of illegal racial preferences in student admissions has been going on for decades and therefore requires permanent injunctive relief to ensure compliance with the law going forward. Proving that the universities have flouted Proposition 209 for decades while it remained binding law is crucial to demonstrating the need for a permanent injunction and permanent judicial oversight of the universities' admissions offices.

Please let us know how far back you are willing to go in producing admissions data so that we can narrow our disagreements as much as possible before moving to compel.

**RFP No. 12**: This is obviously relevant to our claims and should not be burdensome to produce. If you insist on categorically withholding the requested materials, then we will file a motion to compel.

**RFPs Nos. 13–14**: Student academic performance by race or ethnicity is probative on whether and to what extent racial preferences are being used in the admissions process. If you insist on withholding these requested materials, then we will file a motion to compel.

**RFPs Nos. 15–16**: We are entitled to requested materials going back to 2006 and 1996, respectively, for the reasons explained in our complaint and in our explanation of RFPs Nos. 10–11 above. If you refuse to produce the requested documents from the time periods that we requested, then we will file a motion to compel.

**RFPs Nos. 17–18**: You are refusing to produce any of the requested documents, and we will recede on those requests for now.

**RFPs Nos. 19**: You have agreed to produce responsive documents from the "Relevant Time Period" (January 2020 onward) and our request does not designate a different time period. So there appears to be no dispute at this time regarding RFP No. 19. Please let us know the date by which you intend to produce these documents.

**RFP No. 20**: We are entitled to documents going back to 2003, for the reasons explained in our complaint and in our explanation of RFPs Nos. 10–11 above. If you refuse to produce the requested documents from the time periods that we requested, then we will file a motion to compel.

**RFP No. 21**: You are refusing to produce any of the requested documents, and we will recede on those requests for now with the exception of the communications and reports pertaining to Robert Mare. If you won't produce the Mare-related communications and reports then we will file a motion to compel.

**RFPs Nos. 22–23**: You have agreed to produce responsive documents from the "Relevant Time Period" (January 2020 onward) but we have asked for documents going back to January 1, 2006. We need documents going back to 2006 because the framework for the current discriminatory racial preferences was established between 2006 and 2011. This is all explained in the Mare report. That's why we need documents going back to 2006. If you are unwilling to produce those documents then we will file a motion to compel.

**RFP No. 24**: We need the dictionaries, codebooks, or technical documentation necessary to interpret the datasets produced in response to these Requests. You say that you are willing to meet and confer regarding the scope of this request but I cannot imagine a justification to withhold these requested materials with respect to any dataset that you actually produce. Please let us know if you intend to withhold anything in response to this request and (if so) what that would be.

**RFP No. 25**: We need to know the chain of custody regarding the datasets. Please let us know if you intend to withhold anything in response to this request and (if so) what that would be.

**RFP No. 26**: You have agreed to produce responsive documents from the "Relevant Time Period" (January 2020 onward) and our request does not designate a different time period. So there appears to be no dispute at this time regarding RFP No. 26. Please let us know the date by which you intend to produce these documents.

**RFP No. 27**: We obviously need documents that show or explain the fields or variables in the datasets produced in response to these Requests. You say that you are willing to meet and confer regarding the scope of this request but I cannot imagine a justification to withhold these requested materials with respect to any dataset that you actually produce. Please let us know if you intend to withhold anything in response to this request and (if so) what that would be.

**RFPs Nos. 28–29**: You have agreed to produce responsive documents from the "Relevant Time Period" (January 2020 onward) and our request does not designate a different time period. So there appears to be no dispute at this time regarding RFPs Nos. 28–29. Please let us know the date by which you intend to produce these documents.

**RFP No. 30**: You have agreed to produce responsive documents from the "Relevant Time Period" (January 2020 onward) but we have asked for documents going back to January 1, 2006. We need documents going back to 2006 because the framework for the current discriminatory racial preferences was established between 2006 and 2011. This is all explained in the Mare report. That's why we need documents going back to 2006. If you are unwilling to produce those documents then we will file a motion to compel.

**RFP No. 31**: You have agreed to produce responsive documents from the "Relevant Time Period" (January 2020 onward) and our request does not designate a different time period. So there appears to be no dispute at this time regarding RFP No. 31. Please let us know the date by which you intend to produce these documents.

**RFP No. 32**: You have said that you will not "separately search for documents or data in response to this Request." We will recede on this request for now.

**RFPs Nos. 33–34**: You are refusing to produce the requested documents, but these are clearly relevant to our claims and we will file a motion to compel if you insist on refusing to produce responsive materials.

**RFP No. 35**: These requested documents are clearly relevant to our claims, and we sought only materials during the "Relevant Time Period" (January 2020 onward). You say that you are willing to meet and confer regarding the scope of this request but I cannot imagine a justification to withhold any of these requested materials. Please let us know if you intend to withhold anything in response to this request and (if so) what that would be.

**RFP No. 36**: You have agreed to produce responsive documents from the "Relevant Time Period" (January 2020 onward) but we have asked for documents going back to January 1, 2006. We need documents going back to 2006 because the framework for the current discriminatory racial preferences was established between 2006 and 2011. This is all explained in the Mare report. That's why we need documents going back to 2006. If you are unwilling to produce those documents then we will file a motion to compel.

**RFP No. 37**: You are refusing to produce the requested documents, but they are relevant to our claims because we intend to show that the universities have consistently flouted governing legal standards over the past 20 years (including Grutter and Proposition 209), which is why a permanent injunction and permanent judicial oversight of the universities' admissions offices is necessary. If you insist of refusing to produce these requested materials, then we will file a motion to compel.

**RFP No. 38**: You have agreed to produce responsive documents from the "Relevant Time Period" (January 2020 onward) but we have asked for documents going back to January 1, 1998. We need documents going back to 1998 because the universities' attempts to categorize high schools happened between 1998 and 2002, when they started putting high schools into 10 different categories based on socioeconomic disadvantage. We need to know how that works to see whether the universities are using that system, or some variation of that system, as a subterfuge for racial preferences. If you are unwilling to produce those documents then we will file a motion to compel.

**RFP No. 39**: You have agreed to produce responsive documents from the "Relevant Time Period" (January 2020 onward) but we have asked for documents going back to January 1, 2006. We will recede on our request for documents going back to 2006 for now. Please let us know the date by which you intend to produce these documents.

**RFP No. 40**: You are refusing to produce the requested documents, but your stance is untenable. One of the smoking guns in the Harvard litigation was the internal report showing what the class would look like given different admissions criteria. That's what we're looking for here. It's clearly relevant. If you insist of refusing to produce these requested materials, then we will file a motion to compel.

**RFP No. 41**: You are refusing to produce the requested documents, but data showing academic performance by race or ethnicity is probative on whether and to what extent racial preferences are being used in the admissions process. If you insist on withholding these requested materials, then we will file a motion to compel.

**RFP No. 42**: You have agreed to produce responsive documents from the "Relevant Time Period" (January 2020 onward) and our request does not designate a different time period. So there appears to be

no dispute at this time regarding RFP No. 42. Please let us know the date by which you intend to produce these documents.

**RFPs Nos. 43–44**: Documents pertaining to the SWAG report are obviously relevant. If you insist on withholding these requested materials, then we will file a motion to compel.

**RFPs Nos. 45–46**: You are refusing to produce the requested documents, but data showing academic performance by race or ethnicity is probative on whether and to what extent racial preferences are being used in the admissions process. If you insist on withholding these requested materials, then we will file a motion to compel.

If possible, please let us know by COB on Friday, February 20 whether you are willing to recede on any of the positions taken in the responses and objections that you served on January 22, 2026, or whether there are other ways that we can narrow our disagreements before seeking the Court's involvement. If you need more time before responding to this, please let us know.

Thank you for considering this.

—Jonathan

-----------------------------
Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law
papers.ssrn.com/sol3/cf_dev/AbsByAuth.cfm?per_id=791842

**CONFIDENTIALITY NOTICE**:
This e-mail and any attachments are confidential and legally privileged. This information is intended only for the use of the individual or entity to whom it was sent as indicated above. If you are not the intended recipient, any disclosure, copying, distribution, or action taken in reliance on the contents of the information contained in this electronic mail message is strictly prohibited. If you have received this message in error, please delete it immediately, and call (512) 686-3940 to let me know that you received it. Thank you.

**PRIVILEGED AND CONFIDENTIAL — ATTORNEY–CLIENT COMMUNICATION / ATTORNEY WORK PRODUCT**