# EXHIBIT 9

*HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY*

WILMERHALE

June 29, 2026

**Felicia H. Ellsworth**

+1 617 526 6687 (t)
+1 617 526 5000 (f)
felicia.ellsworth@wilmerhale.com

**VIA EMAIL**

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940
(512) 686-3941
jonathan@mitchell.law

Re: **Response to Plaintiff's May 30, 2026 Correspondence Regarding RFPs**

Counsel,

I write in response to your May 30, 2026 letter and following the parties' June 10, 2026 meet and confer regarding the Regents' Responses and Objections to Plaintiff's First Set of Requests for Production (the "Responses").[1]

- **Time Period:** As explained on the parties' meet and confers and in our March 13, 2026 letter, the time periods from which SARD seeks documents and data are improper. This includes the decades of admissions data sought by RFP 10 and RFP 11. For the reasons we have previously explained, and subject to UC's earlier objections, UC will search for and produce admissions data from the 2022-2023 admissions cycle through the filing of this suit,[2] and UC will search for and produce documents from January 1, 2022 through the filing of this suit.

- **Post-Admission Data:** As discussed on the parties' meet and confer, we will confer with our client regarding SARD's requests for individual-level data about student performance and outcomes. We will follow up separately regarding this issue.

- **Bleemer Data (RFP 1 and RFP 3):** SARD's requests for data related to a study by Dr. Zachary Bleemer about a cohort of individuals who applied to UC from 1994 to 2002 are

---

[1] Nothing in or about this letter, including the omission of any objection UC previously made in response to Plaintiff's requests or the omission of any argument UC previously raised in discovery correspondence, shall be construed as a waiver or forfeiture of any such objection or argument.

[2] SARD filed this litigation on February 3, 2025. Dkt. 1. For avoidance of doubt, UC agrees to produce individual-level admissions data, subject to its earlier objections, for the complete 2022-2023, 2023-2024, and 2024-2025 admissions cycles.

improper for the reasons we have explained in the Responses, on the parties' meet and confers, and in our March 13, 2026 letter. Therefore, UC will not produce data in response to RFP 1 or RFP 3.

- **Anonymized Individual-Level Data (RFP 10 and RFP 11):** For the reasons we have explained, RFP 10 and RFP 11 are overbroad, unduly burdensome, and not proportional to the needs of the case. However, as explained in our March 13, 2026 letter, UC is willing to produce individual-level data in response to these requests. In particular, subject to its earlier objections, UC is willing to produce undergraduate and law school admissions data for the complete 2022-2023, 2023-2024, and 2024-2025 admissions cycles.

- **Internal Reports (RFP 20 and RFP 40):** UC maintains that these requests as drafted are objectionable on several grounds, including because they are vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. In the interest of resolving the parties' disputes regarding these requests, however, UC is willing to conduct a reasonable search for and produce all reports from the Relevant Time Period that relate to the racial compositions of applicants or admitted students to any UC Campus.[3] Please confirm that this resolves the parties' disputes concerning RFP 20 and RFP 40.

- **Interpretation Documents (RFP 24 and RFP 27):** In your May 30, 2026 letter, SARD claims that these requests seek "documents necessary to interpret the datasets" that UC produces in this case. As explained in our March 13, 2026 letter, UC is willing to produce non-privileged documents responsive to RFP 24, subject to UC's objection limiting the relevant time period and subject to the parties' negotiations regarding the data fields to be produced. Specifically, UC intends to produce data dictionaries that describe the fields of data that UC produces in response to RFP 10 and RFP 11.[4] Such dictionaries will allow SARD to interpret the datasets produced. Please confirm that this resolves the parties' disputes concerning RFP 24 and RFP 27.

---

[3] To the extent that this letter uses defined terms, such terms are defined as they are in the Responses.

[4] As further explained in our March 13, 2026 letter, materials responsive to RFP 24 are not kept in the ordinary course of business and will be prepared for purposes of this litigation. By agreeing to produce such materials, UC does not waive attorney work-product protection or any related protection, and its production of these materials shall not be so construed.

- **Complaints (RFP 35):** UC maintains that this request as drafted is objectionable on several grounds, including because it is vague and ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. The request is also objectionable because it seeks documents protected by the attorney-client privilege and the attorney work-product doctrine. Based on your May 30, 2026 letter, we understand that the "complaints" sought by SARD are lawsuits or formal administrative complaints. In the interest of resolving the parties' disputes regarding this request, UC is willing to conduct a reasonable search for and produce all lawsuits and formal administrative complaints from the Relevant Time Period related to the alleged use of race in the process for first-year admissions to any UC Campus.

Best regards,

Felicia H. Ellsworth

cc: Counsel of Record