Jonathan F. Mitchell*
jonathan@mitchell.law
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940

* admitted *pro hac vice*

William J. Brown Jr.
California Bar No. 192950
bill@brownwegner.com
Brown Wegner LLP
2010 Main Street, Suite 1260
Irvine, California 92614
(949) 705-0081

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

**Students Against Racial Discrimination**,

Plaintiff,

v.

**The Regents of the University of California**, et al.,

Defendants.

Case No. 8:25-cv-00192-JWH-JDE

**Declaration of Richard Sander in Support of Plaintiff's Motion to Compel Compliance With Plaintiff's First and Second Sets of Requests for Production of Documents to Defendants**

I, Richard Sander, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a Professor at the University of California, Los Angeles (UCLA) School of Law. I have served on the law school faculty since 1989.

2. In my capacity as an academic researcher, I have previously submitted requests for admissions data from the University of California on multiple occasions.

3. In 2007, I submitted a request for admissions data to the University of California Office of the President ("UCOP") seeking system-wide undergraduate admissions data for admissions cycles between 1992 and 2006, inclusive. I also requested detailed "outcome" data, including grades, majors, and graduation outcomes, for students who matriculated as freshmen from 1992 to 2006.

4. After submitting that 2007 request, I received a response from an administrator and began negotiating the scope of the production. During these discussions, the primary concern that the University shared was with respect to the confidential nature of the information. The data were comprehensive and covered hundreds of thousands of applicants and UC students. Although the University and its representatives may have made objections similar in kind to those raised by UC in the present action, they ultimately produced the databases that I had requested without any material barriers.

5. In August 2008, I was provided the 1992–2006 systemwide undergraduate admissions data that I had requested in 2007. UCOP billed me $5,891.26 for the services of Tongshan Chang, who produced the data, and I paid the bill.

6. The data that UC produced in 2008 were not completely "raw data."

Instead, various aspects of the original data were altered or blended into ranges of data that were then reported. The purpose of this alterations and blending was to protect the confidentiality of students, since the data given to me was a public release that I could share freely with other scholars. I was given to understand that most of the cost of producing the data resulted from the programming necessary to make these alterations and blending.

7. In 2009, I submitted a request to UCLA's general counsel for six (6) years of UCLA undergraduate admissions data between 2004–2009, inclusive.

8. While the general counsel had some questions centering around ensuring the scope of what I was requesting matched with the data in the University's system, voiced concern about the confidentiality of the data, and may have made some objections similar in kind to those raised by UC in the present action, they also ultimately produced the databases that I had requested without any material barriers.

9. UCLA produced the 2004–2009 UCLA undergraduate admissions data in early 2010 and charged me $992.00 for the data.

10. In 2011, I requested 1994–2009 admissions data from all University of California law schools. After filing litigation against the university when my initial requests were ignored, UC Irvine and UC Davis Schools of Law provided the requested data. While there were discussions about confidentiality and those schools may have made some objections similar in kind to those raised by UC in the present action, they also ultimately produced the databases I had requested without any material barriers. UC Irvine charged me nothing for the data; UC Davis charged me $2,446.67..

11. While litigation proceeded to obtain the 1994-2009 law school ad-

missions data that I had requested from UCLA and UC Berkeley Schools of Law, I eventually reached a settlement in which I received $75,000 for attorney's fees and was provided the requested data free of charge.

12. In 2014, I requested 2011–12 and 2012–13 admissions data from three University of California medical schools: UC San Francisco, UCLA, and UC San Diego. My request was handled by the UC Office of the President. I was provided with the requested data, at a cost of $1,165.00.

13. I declare under penalty of perjury that the foregoing is true and correct.

Dated: 9/3/2026

Signed by:
Richard H Sander
76F728AB905740E...
RICHARD H. SANDER